McDonald v. The State.|

# McDonald *v.* The State.

*Indictment for Forgery.*

1. *Evidence of other offenses.*—As a general rule, evidence of other distinct offenses, though of the same nature, is not admissible for the purpose of showing that the defendant is guilty of the particular offense charged; but one of the exceptions to the general rule is, that such evidence may be received to show the intent with which the act charged was committed.

2. *Same; possession of other forged writing.*—Under an indictment for the forgery of a written order, which the defendant presented to the person on whom it was drawn, and obtained goods on the faith of it, it is permissible for the prosecution to prove his possession, at or about the same time, of another forged order in his own favor, purporting to be the act of the same person, as tending to show his guilty intent in respect to the first.

3. *Objections to evidence; presumption in favor of judgment.*—When evidence is admissible for a single purpose only, is of dangerous tendency, and liable to misapplication, its effect and operation should be carefully limited and guarded by proper instructions: yet this court will presume that such instructions were given, unless the bill of exceptions affirmatively shows the contrary.

From the City Court of Mobile.

Tried before the Hon. O. J. Semmes.

The indictment in this case charged the defendant, Robert McDonald, with the forgery of an order in writing, which, as set out in the indictment, was dated April 18th, 1887, addressed to Brisk & Jacobson, purported to be signed by F. Kuppersmith, and was in these words: "Please let the bearer, Harry Cohen, have a suit of clothes for $15, and a shirt and suit of under-clothes, and charge to" said Kuppersmith. The trial was had on issue joined on the plea of not guilty. On the trial, as the bill of exceptions shows, the State introduced W. T. Holt as a witness, who produced the writing alleged to have been forged, and testified that, on the day of its date, it was presented to him by the defendant; that he let the defendant have the goods specified, after consultation with Mr. Brisk; and that he made out a bill for the goods against F. Kuppersmith, at the request of the defendant, and handed it to the defendant. The State then introduced Fred. Kuppersmith as a witness, who testified, in substance, that he always signed his name *F. Kuppersmith;* that he did not sign the said written instrument, and did not give it to the defendant; that the defendant and Harry Cohen had each worked for him "some time ago," and that he had not seen Cohen in Mobile for three or four years. The prosecution then produced another written instrument, purporting to be signed by F. Kuppersmith, which was dated April 20th, 1887, was addressed to "Mr. J. Dennis," and in these words: "Please give the bearer, R. McDonald, a pair of shoes for $2.50, and half dozen pairs of socks, and charge to" said Kuppersmith; "and asked said witness, if he signed that order, or gave it to the defendant." It was proved that an indictment was then pending against the defendant, alleging the forgery of said order. The defendant objected to the question, and also to the answer of the witness, who stated, "that he did not sign the paper, nor did he give it to the defendant;" to each of which rulings the defendant excepted. "The court stated, in reply to an argument by the solicitor, that evidence of other similar forged paper of a like kind, found in the possession of the defendant on or about the time of the forgery charged, was competent evidence on a trial for forgery. This was all the evidence, the defendant offering none. Wherefore the defendant prays that this may be taken as his bill of exceptions," &c.

T. N. McClellan, Attorney-General, for the State, cited Roscoe's Cr. Ev. 71; Archb. Cr. Pl. & Ev. 112, 10th ed.; 1 Bish. Cr. Pr. 1121-29; 2 *Ib.* 189, 235, 261, 327; *Ingram v. State*, 39 Ala. 247; *Gassenheimer v. State*, 52 Ala. 319; *Mason v. State*, 42 Ala. 532; *Yarborough v. State*, 41 Ala. 405; *Sharp v. State*, 15 Ala. 149; *Pearce v. State*, 40 Ala. 720; *Chambers v. State*, 26 Ala. 59; *Curtis v. State*, 78 Ala. 12; *Cross v. State*, 78 Ala. 430; 10 Gray, 199; 14 Pick. 519; 1 Cush. 216; 1 Allen, 975; 110 Ill. 627; 2 Cr. & M. 233; 8 Cox, C. C. 448.

CLOPTON, J.—The established general rule is, that the prosecution will not be allowed to introduce evidence of other distinct offenses, for the purpose of showing that the accused is guilty of the offense specially charged in the indictment, though they may be of the same nature. The defendant insists that this rule was disregarded on his trial, by the admission in evidence of another alleged forged instrument in writing, of like kind with the one set forth in the indictment, bearing date two days later, both instruments purporting to be the act of F. Kuppersmith. The general rule has its limitations, or exceptions. One of these exceptions is, that such evidence is admissible, when it is material to show *the intent* with which the act charged was committed. *Ingram v. State*, 39 Ala. 247; *Gassenheimer v. State*, 52 Ala. 313.

The intent to defraud is a material constituent of the crime of forgery, and is matter of inference to be drawn by the jury from the evidence before them.—*Gooden v. State*, 55 Ala. 178. The inference of guilty intent, which the jury may draw from the absence of testimony showing the existence or custody of the forged paper charged in the indictment, until the defendant presented it and obtained the goods on the faith of it, is strongly sustained by evidence of his possession of another forged paper of similar kind, at or about the same time, and purporting to be the act of the same person. Such evidence is corroborative and relevant to a point in issue. Being evidence liable to misapplication and of dangerous tendency, its effect and operation should be carefully limited and guarded by proper instructions. It is true the bill of exceptions does not show for what purpose the evidence was admitted; but it is incumbent upon the party excepting to affirmatively put the court in error. In the absence of such showing, we must presume that

[Armstrong v. State.]

proper and necessary instructions were given to enable the jury to make a proper application.

Affirmed.

