# Griffin *v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Assault with intent to murder; when evidence relating to process admissible without production of record.*—On a trial under an indictment for an assault with intent to murder, where it is shown by the evidence that the assault was made while attempting to execute the process of a court, it is competent for witnesses to testify to the existence of such process and that an attempt was being made to levy it upon property of the defendant at the time the assault was made, without producing the process or the records of the court; the existence of such process being only a collateral incident to the matter in issue.

[Griffin v. The State.]

APPEAL from the Circuit Court of Dale.

Tried before the Hon. A. A. EVANS.

The appellant was indicted, tried and convicted for an assault with intent to murder one Thos. E. Speller.

The evidence for the State tended to show that the person alleged to have been assaulted went to the house of the defendant with a constable to assist him in making the levy of a writ of detinue upon a stove, which was in the defendant's house, and which said Speller had sued for in an action of detinue; and that in attempting to take possession of the stove the assault was made by the defendant on said Speller. These facts were testified to both by said Speller and the constable.

Objection was made to the declaration of each of the witnesses to the fact that there was a writ of detinue upon the ground that the writ was the best evidence, and the fact that it was not produced and no reason had been given for its absence. This objection was overruled, and the defendant duly excepted. This ruling is the only question presented for review on the present appeal.

No counsel marked as apearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Knowles v. State*, 24 Ala. 672.

SHARPE, J.—Where a written instrument is only a collateral incident to the matter in issue, and its existence rather than its contents is the matter desired to be proved, the rule which in general requires the production of the writing as the best evidence of its contents is not applicable.—1 Green. on Ev., § 89; *Allen v. State*, 79 Ala. 34. Of this class were the writs in attachment and detinue mentioned in testimony adduced by the State. Here the question was not of the authority of the officer, for the defendant was not charged with unlawfully resisting such authority. It was merely whether the defendant was guilty of an assault with intent to murder, an offense involving malice and vicious acts on which those writs had no direct connection or bearing.

There is no error in the record.

Judgment affirmed.