# Wright *v.* The State.

*Indictment for Forgery.*

1. *Forgery; evidence of possession of other forged writings ad-
   missible.*—Under an indictment for forgery of a written
   order which defendant presented to the person on whom it
   was drawn, and obtained goods on the face of it, it is per-
   missible for the State to prove defendant's possession at or
   about the same time of another forged order in his own favor,
   purporting to be the act of some person, such evidence tend-
   ing to show defendant's guilty intent in respect to every
   charge in the indictment.
2. *Same; admissibility of evidence.*—On a trial under an indict-
   ment for forgery, the fact that the defendant and other per-

₀sons addressed the person whose name purported to have been signed to the forged instrument, by his given name, is wholly immaterial and irrelevant, and the proof of such fact is not admissible.

APPEAL from City Court of Montgomery.
Tried before the Hon. WM. H. THOMAS.

The appellant, Judge Wright, was indicted, tried and convicted in two cases under two separate indictments, for forgery, from which said judgment of conviction he prosecutes the present appeal. The facts in the case are sufficiently shown in the opinion.

No counsel marked for appellant.

MASSEY WILSON, Attorney-General, for the State. It was competent for the State to prove that defendant had in his possession about the time of the forgery, other forged instruments. The rule recognized in this State as well as elsewhere, is that in prosecutions for forgery, evidence of other similar forgeries is admissible for the purpose of showing the defendant's guilty knowledge or intent.—*McDonald v. State*, 83 Ala. 56; 13 A. & E. Enc. of Law (2d ed.), 108 *et seq.*

Whether or not the prosecutor was called "Lee" by the defendant or others in the neighborhood where he lived, was immaterial so far as appears from the record, to any issue in the case. The evidence was properly excluded.—*McCormack v. State*, 102 Ala. 165.

HARALSON, J.—Both these cases were submitted together, the indictment in the first being for the forgery of an order on John Battle, purporting to be signed by L. W. Swint, on the 7th August, 1902, to let defendant have one dollar and a half's worth (of goods) to be charged to said Swint; and the second, by the same drawer, dated the 23d of August, 1902, on said Battle, to let defendant have one pair of shoes and ten cents worth of tobacco, to be charged to said Swint. The evidence and bill of exceptions in each case are the same, and the two causes, submitted together are to be here tried, the decision in one case to control the other.

[Stevens v. The State.]

The prosecutor, Battle, being examined as a witness for the State, was asked by the solicitor whether or not the defendant presented any other order on or about the 20th August, 1902. The defendant objected. Before passing on the objection, the court asked the witness questions which elicited the statement from him, that the order of August 20th, to which the objection applied, was in the same handwriting as the orders set out in the two indictments; that it was addressed to the same person, Battle, and purported to be signed by the same party as the other orders purported to be signed by. The court, thereupon, overruled the objection, but stated that the order could not be considered by the jury, to show the guilt of the defendant as to the other orders, but they could consider it, with all the other evidence, as it may or not tend to shed light on the intent or motive of the defendant as to the two orders set out in the several indictments. In this ruling the court committed no error, as was held on a similar question in *McDonald v. The State,* 83 Ala. 46; *Williams v. The State,* 126 Ala. 51.

When L. W. Swint, the party whose name purports to have been signed to these orders, was being examined, the defendant on his cross-examination asked him: "Did not the defendant in his intercourse with you, address you by your given name, Lee?" "Do not the negroes in the neighborhood call you by your given name, Lee?" which questions the court on objection of the State, would not allow answered. What relevancy the answers to these questions, if the witness had answered them affirmatively, had to any issue in the cause, is difficult to conceive, nor has it been attempted to be shown.

No error appearing, the judgments are affirmed.

