(79 South. 141)

KIRBY v. STATE. (3 Div. 304.)

(Court of Appeals of Alabama. June 29, 1918.)

1. CRIMINAL LAW ⊚⟹386—EVIDENCE—COMPETENCY—CONVERSATION OVER TELEPHONE.
Conversations over a telephone when the voice is recognized and when they are between parties such as to render the conversations relevant in a criminal case are admissible, where the witness stated he knew the party to whom he talked was the defendant.

2. CRIMINAL LAW ⊚⟹693—OBJECTIONS—TIME OF MAKING—EVIDENCE.
In a forgery trial, an objection to testimony of a witness as to cashing of other checks for defendant, not made until after the answer had been given, came too late; no motion being made to exclude the testimony.

3. CRIMINAL LAW ⊚⟹517(4)—EVIDENCE—CONFESSIONS.
In a trial for forgery, the proper predicate having been laid and the prosecuting witness having identified the check and testified that he had not signed it or authorized it signed, it was proper to admit the confessions of the defendant.

4. CRIMINAL LAW ⊚⟹371(5)—EVIDENCE—INTENT—OTHER FORGERIES.
Evidence that the accused had forged and uttered other instruments similar to the one described in the indictment is admissible for the purpose of showing the intent with which the forgery charged was committed.

On Rehearing.

5. CRIMINAL LAW ⊚⟹448(4)—EVIDENCE—CONCLUSION OF WITNESS BASED ON HEARSAY.
In a forgery trial, the testimony of a witness that a telephone conversation was with the defendant was inadmissible, where the witness merely concluded after the conversation from facts subsequently coming to his knowledge that the person he talked to was the defendant.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Homer Kirby was convicted of forgery in the second degree, and he appeals. Reversed and remanded.

Wm. R. Brassell and Brassell & Brassell, all of Montgomery, for appellant. F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J. [1] (1) Conversations over the telephone, when the voice is recognized

and when they are between parties such as to render the conversations relevant, are admissible in evidence. 6 Mayf. Dig. p. 359, § 64. In this case, the witness, at the time he was testifying, said he knew then that the party to whom he had been talking over the 'phone was the defendant. This rendered the testimony competent.

[2] (2) The objection to the testimony by Stokes as to the cashing of other checks for defendant and arrangements for payment to a negro boy to be sent, being made over the 'phone, came too late; the answer having been already given, and no motion being made to exclude.

[3] (3) The proper predicate having been laid, the confessions of the defendant made in the presence of the various witnesses testifying thereto were properly admitted; the corpus delicti having been proven by the witness A. W. Allen, who identified the check described in the indictment and testified that he had not signed his name to it or authorized any one else to do so.

(4) This assignment has already been disposed of under the first assignment.

[4] (8) Evidence that accused had forged or uttered other instruments similar to the one described in the indictment is admissible against him on a trial for forgery, for the purpose of showing the intent with which the act charged was committed. McDonald v. State, 83 Ala. 46, 3 South. 305; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782; Gassenheimer v. State, 52 Ala. 313.

(9) Charge No. 1 requested by the defendant was the affirmative charge and was properly refused.

(10) Charges 2, 4, and 8 were fully covered by the court's general charge and the written charges given at the request of the defendant. The general charge of the court was a clear, concise statement of the law as applied to the facts, and, when taken in connection with the written charges given at the request of the defendant, every instruction to which the defendant was entitled was fairly and fully presented to the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.

## On Rehearing.

PER CURIAM. [5] On a further consideration of this case, the court is of opinion that the statement of the witness Stokes that the conversation over the telephone was with the defendant is a mere conclusion of the witness, based upon facts subsequently coming to his knowledge, and that the court erred in overruling defendant's motion to exclude it. Rawleigh Medical Co. v. Hooks, ante, p. 394, 78 South. 310; Davis v. Arnold, 143 Ala. 228, 39 South. 141.

For the above reason, the judgment of affirmance is set aside, and a judgment will be entered reversing and remanding the cause.

Application granted, affirmance set aside, reversed, and remanded.