(81 South. 353)

## ALABAMA LIVERY CO. v. HAIRSTON.
(6 Div. 324.)

(Court of Appeals of Alabama. March 18, 1919. Rehearing Denied April 8, 1919.)

**1. PRINCIPAL AND AGENT ⊂⊃124(2)—AUTHORITY—JURY QUESTION—TELEPHONE CONVERSATION.**

In action against livery company for negligence of driver of vehicle, where there was testimony that such company had been called on the telephone and a vehicle ordered, the question whether the man who had answered the telephone call and sent the vehicle had authority to so do from defendant livery company was, under the evidence, for the jury.

**2. TRIAL ⊂⊃194(16) — INSTRUCTIONS—PROVINCE OF JURY.**

In an action against a livery company for injury sustained by reason of negligence of driver of vehicle, where such vehicle had been ordered over the telephone, and defendant company denied that the man who had answered the phone and employed the driver was authorized to so do, instruction that he presumably had authority to answer telephone and contract for such company was on the weight of the evidence.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Three separate actions by Gertrude Hairston against J. B. Smiley, doing business as the Alabama Livery Company, the Alabama Livery Company, and the Southside Livery Company and others, consolidated and tried as one action. Judgment for plaintiff against defendant Southside Livery Company, and the latter appeals. Reversed and remanded.

Stokely, Scrivner & Dominick and I. M. Engel, all of Birmingham, for appellant.

Allen, Bell & Sadler, of Birmingham, for appellee.

BRICKEN, J. This appeal involves three separate actions, consolidated and tried as one. Originally it was begun with J. B. Smiley, doing business as the Alabama Livery Company, and the Alabama Livery Company as defendants. Later it was amended so as to make the Southside Livery Company, and others not necessary to be mentioned, parties defendant. The suit proceeded to judgment against the Southside Livery Company, and this appeal should be so styled, as the other defendants had verdicts directed for them.

The appellee and others were at Helen Bess mines, and telephoned "Main 15" for a conveyance to bring them in to Birmingham or Avondale for a stipulated price. A conveyance, with driver, was sent, and on the return trip it ran off a bridge, overturning and injuring some of the occupants.

[1] It seems to be without dispute that "Main 15" was the telephone number of the Southside Livery Company, and that D. Newman answered the telephone call and sent the conveyance; but there is a serious dispute and some doubt, as to what capacity Newman was acting in; as to who employed the driver, and other immediate matters connected with the accident. Therefore it was a question for the jury, under all the evidence, as to these matters of dispute, material to a proper determination of the issues and fixing of the liabilities, if liability there was.

[2] It is our judgment that the trial court invaded the province of the jury and charged upon the effect of the evidence when it instructed the jury:

"If the jury believe from the evidence that the Southside Livery Company was a partnership doing business as such, and that the order for a vehicle was sent over the phone to said company and was answered by D. Newman, the presumption is that he had authority to answer said telephone and contract for said company."

The court finds nothing in Monarch Livery Co. v. Luck, 184 Ala. 518, 63 South. 657, or in Western Union Telegraph Co. v. Rowell, 153 Ala. 295, 45 South. 73, to militate against this holding. Rather they sustain the view that such evidence is admissible, but that its effect is to be determined by the jury.

In the case of Wolfe et al. v. Missouri Pacific Ry. Co., 97 Mo. 473, 11 S. W. 49, 3 L. R. A. 539, 10 Am. St. Rep. 331, it was said:

"The courts * * * do not ignore the great improvement in the means of intercommunication which the telephone has made. Its nature, operation, and ordinary uses are facts of general scientific knowledge, of which the courts will take judicial notice as part of public cotemporary history. When a person places himself in connection with the telephone system through an instrument in his office, he thereby invites communication, in relation to his business, through that channel. Conversations so held are as admissible in evidence as personal interviews by a customer with an unknown clerk in charge of an ordinary shop would be in relation to the business there carried on. * * * The ruling here announced is intended to determine merely the admissibility of such conversations in such circumstances, but not the effect of such evidence after its admission. It may be entitled, in each instance, to much or little weight in the estimation of the triers of fact, according to their views of its credibility and of the other testimony in support or in contradiction of it."

And the Supreme Court of Alabama, in the case of Western Union Telegraph Co. v. Rowell, supra, speaking through Denson, J., cites with approval this case, and says:

"This ruling is intended to determine merely the admissibility of such telephone conversations, but not the effect of such evidence after its admission. That is a jury question." Whether or not the party speaking over the

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

17 ALA.APP.—2

phone had authority to speak for the company was a question for the jury.

There are other matters assigned as error, but, in the view we take of the case, it is not necessary to pass upon them.

The result is that the causes are reversed and remanded.

Reversed and remanded.