(82 South. 641)

KIRBY v. STATE. (3 Div. 352.)

(Court of Appeals of Alabama. June 30, 1919. Rehearing Denied July 21, 1919.)

1. CRIMINAL LAW ⬉386—TELEPHONE CONVERSATION—ADMISSIBILITY.

In a forgery prosecution, a bank cashier's testimony that he cashed the check in question pursuant to a telephone conversation, but without stating with whom the conversation was held, is admissible.

2. CRIMINAL LAW ⬉371(5), 673(5) — EVIDENCE—ADMISSIBILITY—LIMITATION TO SPECIFIC PURPOSE. •

In a forgery prosecution, other checks claimed to have been forged by accused were properly admitted, where court charged that they could be considered only for purpose of determining accused's intent.

3. CRIMINAL LAW ⬉807(1)—REQUESTED INSTRUCTIONS—ARGUMENTATIVENESS.

In a forgery prosecution, a requested instruction that the jury could not consider checks claimed to have been forged, by defendant unless state offered them in evidence, was properly refused because argumentative.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Homer Kirby was convicted of forgery, and he appeals. Affirmed.

The defendant is charged with the forgery of a $10 check drawn on the Union Bank & Trust Company and signed by A. W. Allen. Mr. Stokes was permitted to testify that he was cashier and secretary of the Union Bank & Trust Company; that Mr. Allen had an account there, and that some one called him up on the telephone, saying that he was A. W. Allen; that he wanted a little money, and was sending a little negro boy around to the bank with his check, and desired him to send the money by the boy. Mr. Stokes did not say who the person was at the other end of the telephone. He and Mr. Allen identified eight checks as having been presented in the same way and the money paid on them, Mr. Allen swearing that he signed none of them. There was evidence tending to connect the defendant with the forging and uttering of the checks. The defendant moved the court to require the state to elect as to which one of the checks it would prosecute, and the state elected to prosecute for the $10 check. The court admitted over the objection of the defendant the seven other checks identified as had been the $10 check, but limited them to the sole purpose of showing the intent with which the $10 check was forged and uttered if it was so forged and uttered, if they believed it to be beyond the reason of a doubt that the defendant forged and uttered it.

The following charge was refused to the defendant:

(1a) If the state did not offer the check in evidence, the one he is on trial for, or if the state fails to offer all the checks in evidence, then you cannot consider them in making up your verdict.

Brassell & Brassell and William R. Brassell, all of Montgomery, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

BRICKEN, J. This is the second appeal in this case. Kirby v. State, 16 Ala. App. 467, 79 South. 141.

The same questions presented by this appeal were presented and discussed upon the former appeal, and an affirmance of the judgment here might well be rested upon the authority of the former appeal.

[1] Telephone conversations, especially when had in reference to the transactions being investigated, are admissible in evidence, their probative force being a matter for the jury's determination.

Here, the conversation detailed was by Stokes with an unknown party, about the very checks charged to have been forged, and the witness did not attempt to say who the other party was. There was no error in the ruling of the court in this connection. Alabama Livery Co. v. Hairston, ante, p. 17, 81 South. 353; Kirby v. State, supra.

The court was careful to require proof of the corpus delicti, and that the confessions of the defendant were voluntary, before admitting the confessions.

[2] So, also, the court required the state to elect to prosecute for a particular offense, the forgery of the $10 check, and the witness Allen testified that he did not sign this check, or authorize any one to do so for him. His testimony as to the other seven checks was the same as to the $10 check, and before the court permitted the introduction of the seven checks, he was careful to explicitly instruct the jury that they could consider them only for the purpose of determining the intent with which the act charged was committed, if they believed from all the evidence beyond a reasonable doubt that the act charged was committed. The court reiterated and stressed this in his oral charge. No error was committed in admitting the seven checks, other than the $10 check, in evidence. Kirby v. State, supra, and authorities therein cited.

[3] The special written charge requested and refused (charge 1a) was elliptical and involved, and was also argumentative. There was no error in the refusal to give this charge.

No error appearing, the judgment of conviction in the circuit court is affirmed.

Affirmed.