(88 South. 187)

JENNINGS v. STATE. (6 Div. 745.)

(Court of Appeals of Alabama. Jan. 11, 1921.)

1. FORGERY ☞26—INDICTMENT HELD SUFFICIENT.

An indictment for forgery, where the form laid down for forgery in the second degree in Code 1907, p. 670, form 62, was followed in so far as that form covers section 6910, and where, as to uttering and publishing as true a check, for which there is no form set out, the form for forgery in the first degree as set out in form 61 was followed, held sufficient under section 7132.

2. CRIMINAL LAW ☞1124(4) — OVERRULING OF MOTION FOR NEW TRIAL NOT REVIEWABLE IN ABSENCE OF EVIDENCE.

The overruling of accused's motion for new trial will not be reviewed, where there is no showing as to what evidence, if any, was offered in connection with the motion.

3. CRIMINAL LAW ☞1090(14), 1122(5)—REFUSAL OF REQUESTED CHARGES NOT REVIEWABLE, WHERE ORAL CHARGE NOT SET OUT, AND THERE IS NO BILL OF EXCEPTIONS.

Error cannot be predicated on the refusal of charges requested by accused, where the oral charge of the court is not set out and there is no bill of exceptions.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Catherine Jennings was convicted of forgery in the second degree, and she appealed. Affirmed.

The following is the indictment:

The grand jury of said county charge that before finding of this indictment Catherine Jennings, with intent to injure or defraud, did falsely make, alter, forge, or counterfeit an instrument in writing, in words and figures substantially as follows: "Birmingham, Ala., Aug. 30, 1919. No. ———. Birmingham Trust & Savings Co. 61–8. Pay to the Order of E. B. Melton, $108.00 one hundred and eight dollars. Cresent News & Hotel Co." And on the back thereof appears the following: "E. B. Melton"—or, with intent to injure or defraud, did utter and publish as true the said falsely made, altered, forged, or counterfeited instrument in writing, knowing the same to be so made, altered, forged or counterfeited, against the peace and dignity of the state of Alabama.

The demurrers raised the question that the indictment charges two separate and distinct offenses; that the name Melton on the back of instrument is not alleged to have been made, altered, forged, or counterfeited by the defendant.

J. B. Stephens and Vaughan & Silberman, all of Birmingham, for appellant.

No brief came to the Reporter.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

In the absence of the bill of exceptions action on a motion for new trial will not be considered. 78 South. 309. Refused charges cannot be considered in the absence of the bill of exceptions. 200 Ala. 656, 77 South. 30; 14 Ala. App. 13, 70 South. 949; 14 Ala. App. 110, 72 South. 208; 71 South. 982. The demurrers to the indictment were clearly without merit. Form 62; Secs. 6910 and 7132, Code 1907 and cases cited.

MERRITT, J. The defendant was indicted for forgery, was convicted and sentenced to the penitentiary for a term of not less than two nor more than three years.

[1] Error is claimed in the overruling of certain demurrers to the indictment. The indictment follows the form laid down for forgery in the second degree in so far as that form covers section 6910 of the Code. Form 62, page 670, of the Code 1907. There is no form set out for the latter part of section 6910, for uttering and publishing as true a check as set out in the indictment, and in drawing this latter part the solicitors evidently followed the form for forgery in the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 162.

first degree as set out in form 61, and in this there was no error.

Section 7132 of the Code provides:

"The manner of stating the act constituting the offense, as set forth in the forms given in article 7 of this chapter, is sufficient in all cases in which the forms there given are applicable; in other cases, forms may be used as near similar as the nature of the case and the rules prescribed in this chapter will permit."

There is no bill of exceptions in the record, and the time for presenting and having the same signed has expired.

[2, 3] Motion for a new trial was made, but will not be reviewed, for there is no showing as to what evidence, if any, was offered in connection with this motion. Ross v. State, 16 Ala. App. 393, 78 South. 369. Neither can error be predicated on the refusal of requested charges, where the oral charge of the court is not set out, and there is no bill of exceptions.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.