(89 South. 845)

### MARTIN v. STATE. (6 Div. 856.)

(Court of Appeals of Alabama. June 14, 1921.)

**1. Criminal law ⏎371(5)—Other forged check is admissible to show intent to forge.**

In a prosecution for forgery, evidence that accused had forged other instruments similar to the one described in the indictment is admissible to show the intent with which the forgery charged had been committed.

**2. Forgery ⏎38 — Genuine check of accused inadmissible on question of intent.**

In a prosecution for forgery, the check executed by accused in his own name, as to the genuineness of which there was no question, is not admissible on the issue of intent.

**3. Criminal law ⏎404(5), 1169(1)—Genuine check inadmissible for handwriting comparison, and admission was prejudicial error.**

In a prosecution for forgery, a genuine check executed by accused is not admissible for

---

a comparison of handwriting, though if it had been legally admitted for another purpose it could have been used for comparison, so that the erroneous admission of such check was prejudicial to accused.

Merritt, J., dissenting.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

James L. Martin was convicted of forgery, and he appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. On the trial, after the state had made out its case, a part of which was the introduction in evidence of the check alleged to have been forged by the defendant, the defendant introduced as a witness in his behalf Mrs. C. W. Renfro, who testified to a state of facts tending to establish an alibi for defendant. On cross-examination of this witness, the state was permitted, over the timely objection and exception of defendant, to show that about the time of the alleged forgery the defendant had given her a check for $1,200, and, upon the witness identifying the check, over the objection and exception of defendant, it was introduced in evidence, with this statement from the court:

"I think it would be admissible for the purpose of throwing light upon the intent as to the other transaction, but for that purpose only, and for that purpose only I will allow the question to be answered."

This check was drawn on the First National Bank of Birmingham payable to witness, and was signed by the defendant in his own name; there being no pretense that this check was a forgery, and no evidence that it was given with intent to defraud.

[1, 2] In Kirby v. State, 16 Ala. App. 467, 79 South. 141, and Kirby v. State, 17 Ala. App. 151, 82 South. 641, this court held, on authority of several cases there cited, that:

"Evidence that the accused had forged * * * other instruments similar to the one described in the indictment is admissible * * * for the purpose of showing the intent with which the act charged was committed"

—and we still hold to that view as being sound, but it has never been held, so far as we can find, that a check, not a forgery, may be introduced in evidence over the timely objection of the defendant on trial for forgery, to show his intent in forging the instrument laid in the indictment. On the con-

trary, in King v. State, 8 Ala. App. 239, 62 South. 374, this court, on the authority of Moon's Adm'r v. Crowder, 72 Ala. 88, held:

"Where the prosecution was for forging a check, a genuine check made by the alleged drawer of the forged check was not admissible in evidence." King v. State, 8 Ala. App. 239, 62 South. 374.

[3] Neither was the check admissible for a comparison of handwriting. After it was legally in, it might be used for that purpose, but, being illegally admitted in evidence, its only tendency was to prejudice the defendant's case.

The other rulings of the court were free from error, but for the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

MERRITT, J. (dissenting). The check for $1,200, given by the defendant to the witness Mrs. C. W. Renfro, bears the same date as the alleged forged check, September 18, 1920. Mrs. Renfro testified that it was given to her by the defendant just before she went with him to the Minstrel, which was just about the same time of day the alleged forged check is said to have been uttered. It is not contended that the check was in payment of any debt, or that its drawing was a bona fide transaction, but it is said by both Mrs. Renfro and the defendant to have been a joke. The perpetration of such jokes and the recklessness with which it was done was relevant to be submitted to the jury, as the trial judge stated at the time of its admission and in his oral charge, to be considered by them in throwing light on the intent with which the alleged forged check was drawn. But if it be conceded to have been error to admit the $1,200 check, how can the defendant complain? If it was drawn and delivered to Mrs. Renfro, in the manner stated, it could do the defendant no possible harm, and its consideration by the jury to the conclusion that it was a joke could not have thrown any adverse light on the intent with which the alleged forged check was drawn.

The fear expressed in the majority opinion that the introduction of the "joke" check might be used by the jury for a comparison of handwriting is not, in my opinion, well founded. The instruction was specific that it was not permitted to go to the jury for any such purpose.

Believing that there was no reversible error committed in the trial of the cause, I am impressed that the judgment of conviction should be affirmed.

Affirmed.