## HALL v. STATE.    (3 Div. 529.)

(Court of Appeals of Alabama.    June 1, 1926.
Rehearing Denied June 29, 1926.)

**1. Forgery ⬤⇒7(1).**

Bill of lading issued by common carrier is "instrument or writing, being or purporting to be act of another," within Code 1923, § 4121, false and fraudulent making of which is forgery in second degree.

**2. Indictment and information ⬤⇒19.**

Demurrer to indictment charging forgery of bill of lading under Code 1923, § 4556, form 62, *held* properly overruled.

**3. Criminal law ⬤⇒763, 764(7).**

In prosecution for forgery of bill of lading, in view of proof of corpus delicti and defendant's admission, charge that if jury believed evidence beyond reasonable doubt they must find him guilty *held* not to take from jury right to weigh evidence.

**4. Criminal law ⬤⇒432.**

Testimony of witness that he was agent for railroad and that alleged forged bill of lading was not signed by him nor others authorized *held* to authorize its admission in evidence, as against contention that agency was not shown.

### On Rehearing.

**5. Criminal law ⬤⇒371(5).**

Evidence of other forgeries and uttering forged instruments is admissible in prosecution for forgery and uttering forged instrument to show intent with which act charged was committed.

**6. Criminal law ⬤⇒404(5).**

Other forged bills of lading having been introduced were evidence, in view of Code 1923, §§ 7705, 7707, from which jury might form conclusion as to genuineness of signature on bill of lading forming basis of prosecution for forgery.

**7. Criminal law ⬤⇒402(1).**

In prosecution for forgery of bill of lading, where originals of other bills of lading were beyond jurisdiction of court and collateral to issue, secondary evidence as to their contents was admissible.

**8. Forgery ⬤⇒35.**

Where defendant forged bill of lading to induce bank to cash drafts drawn on consignee, in absence of proof to contrary, it must be presumed, in view of Code 1923, § 4121, that he intended to forge, utter, and defraud.

**9. Criminal law ⬤⇒390.**

Intent is necessary ingredient of every offense involving moral turpitude, and is usually proved only by defendant's acts.

**10. Criminal law ⬤⇒561(1).**

While jury must believe evidence beyond reasonable doubt, doubt, if any, must have legal basis, and must not be capricious and without legal foundation.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Warren D. Hall was convicted of forgery in the second degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Hall v. State, 109 So. 849.

The indictment charges in the first count that "before the finding of this indictment Warren D. Hall, with intent to injure or defraud, did falsely make, alter, forge or counterfeit, an instrument in writing in words and figures substantially as follows:" setting out an instrument headed "Uniform Domestic Order Bill of Lading Adopted by Carriers in Official Southern and Western Classification Territories, March 15, 1922," and issued for 22 bales of cotton.

The second count charges that "before the finding of this indictment, Warren D. Hall, with intent to injure or defraud, did falsely make, alter, forge, counterfeit, or utter and publish as true, knowing the same to be false, an instrument in writing in words and figures substantially as follows:" setting out the instrument.

The demurrer takes the point that the bill of lading set forth is not the subject of forgery in the second degree, but only of forgery in the third degree.

C. H. Roquemore, of Montgomery, for appellant.

The affirmative charge should not be given, where the evidence as a whole does not show guilt. Carter v. State, 3 Ala. App. 112, 57 So. 1022; Nichols v. State, 4 Ala. App. 115, 58 So. 681; Bonner v. State, 8 Ala. App. 236, 62 So. 337; Taylor v. State, 121 Ala. 24, 25 So. 689; King v. State, 151 Ala. 12, 44 So. 200. The question of intent must be left with the jury. Talbert v. State, 121 Ala. 33, 25 So. 690; Frank v. State, 27 Ala. 37. The agency of Lowery should have been alleged extrinsically. Burden v. State, 120 Ala. 388, 25 So. 190, 74 Am. St. Rep. 37; 2 Bish. Cr. L. (7th Ed.) § 545. A bill of lading is not within the instruments named in Code § 4121.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty, Gen., for the State.

The indictment was not subject to demurrer. Code 1923, §§ 4121, 4556 (62); Jennings v. State, 17 Ala. App. 640, 88 So. 187; Everage v. State, 14 Ala. App. 106, 71 So. 983. Rulings on admission of evidence were without error. Hannah v. State, 19 Ala. App. 574, 99 So. 60; Everage v. State, 14 Ala. App. 106, 71 So. 983; Folmar v. State, 19 Ala. App. 435, 97 So. 768.

SAMFORD, J. [1, 2] Demurrers to the indictment were properly overruled. Code 1923, § 4121, and section 4556, form 62; Jennings v. State, 17 Ala. App. 640, 88 So. 187.

A bill of lading issued by a common carrier, is "any instrument or writing, being or purporting to be the act of another," within the meaning of section 4121, Code 1923, the false and fraudulent making of which is forgery in the second degree.

[3] On the trial of this case the defendant offered no testimony, and when the evidence was all in the court, at the request of the state, in writing gave this charge:

"The court charges the jury that if they believe the evidence in this case beyond a reasonable doubt they must find the defendant guilty."

In view of the giving of this charge, it becomes unnecessary for us to pass upon the several objections and exceptions to evidence reserved during the trial, provided the undisputed evidence in the case entitles the state to the instruction given by the court.

Divested of all superfluous and collateral matter the case made by the evidence without dispute is as follows: The defendant, who was president of the Hall-Beale Cotton Company, presented to the Fourth National Bank drafts aggregating more than $20,000, which drafts could not be credited to the Hall-Beale Company until there was attached to them certain bills of lading representing and carrying title to certain bales of cotton in the possession of the railroad for shipment to market; the drafts to be paid by the purchaser of the cotton upon presentation and delivery and transfer of the bills of lading. These drafts were cashed by the bank by placing the amount to the credit of Hall-Beale Cotton Company, and at the instance of defendant was checked out by them immediately on checks drawn by defendant. The bills of lading were fictitious. There was no cotton as represented therein. The whole of the bills of lading were false, and upon being confronted with the fraud defendant admitted both the forgery and the uttering thereof, his only excuse being, "I had to do it." The venue and time were admitted. We have the corpus delicti proven and a full admission from defendant that he alone did it, and a statement from him exonerating the other active member of the firm. In Johnson v. State, 73 Ala. 523, the rule is laid down, even where the question of intent is involved, that:

"In all cases free from doubt, where the evidence is not conflicting, the whole question is one for the court."

The question in the Johnson Case arose over a charge of larceny, which, as to intent, is similar to forgery, and that case expressly overrules the McMullen Case, 53 Ala. 531.

The charge given in this case does not take away from the jury the right to weigh the evidence. They are charged that they must not only believe the evidence, but such belief must be beyond a reasonable doubt, still leaving the question of guilt, based on the evidence in the province of the jury. The hold-

ing here is not in conflict with the case of Nichols v. State, 4 Ala. App. 115, 58 So. 681.

[4] There is some argument made in brief that the court committed error in admitting the bills of lading in evidence because it is not shown that Mr. Lowery was the agent of the Central of Georgia Railway. Lowery testified to this fact himself without objection, and that the bill of lading set out in the indictment was not signed by him, nor any of his clerks who were authorized to sign it. This answers the foregoing argument.

As we have said, in view of the action of the court in giving the charge requested by the state, it will be useless to pass upon the other questions raised, as under any phase of the evidence, after allowing all legal presumption in favor of the defendant, there can be but one legal conclusion drawn. If the jury believe this evidence beyond a reasonable doubt they should find the defendant guilty. The court was not in error in giving the charge as requested; and the judgment is affirmed.

Affirmed.

### On Rehearing.

[5] It is urged on this application that the trial court committed reversible error in permitting the state to introduce evidence of other forgeries and the uttering of those similar to the one described in the indictment. In the original opinion we did not pass upon that question, as we did not think the ruling of the court could have affected the result of the trial. However, evidence of this character is always admissible in prosecutions for forgery and uttering forged instruments for the purpose of showing the intent with which the act charged was committed. Kirby v. State, 16 Ala. App. 467, 79 So. 141; McDonald v. State, 83 Ala. 46, 3 So. 305; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782.

[6] It is now insisted that there is no evidence that the bill of lading, the basis of the prosecution, was not signed by one of the clerks named by the witness Lowery as having authority to sign the same. Lowery testified that "it [the signature] did not look like it." This in effect was testimony to the best of his opinion, and no objection was interposed to Lowery as a qualified witness. Again this witness testified unqualifiedly that the signature on the bills of lading for 78 bales of cotton was not his, nor any of the parties named by him as having authority to sign the same. This paper being in evidence was there for comparison of handwriting and was evidence from which the court or jury might form a conclusion as to the genuineness of the signature on the alleged forged instrument. Williams v. State, 20 Ala. App. 337, 104 So. 38; Code 1923, §§ 7705, 7707; Ingram v. State, ante, p. 182, 106 So. 393.

[7] It was shown by the witness Lowery that he had issued and signed for the railroad company bills of lading for cotton simi-

lar in mark, description, and number of bales; that these bills of lading had been surrendered to the delivery carrier at point of destination upon delivery of the cotton described and by the delivering carrier these genuine bills of lading were delivered to the issuing carrier; that they were now in the offices of these carriers beyond the state; and that he knew the facts because he had seen the bills of lading on the files in Savannah, Ga., and West Point, Ga., and was testifying from "what those original bills of ladings showed." The original bill of lading being beyond the jurisdiction of the court and collateral to the issue, secondary evidence of the contents was admissible. Allen v. State, 79 Ala. 34; Griffin v. State, 129 Ala. 92, 29 So. 783. Moreover, even with this evidence eliminated, there would still remain the forgery by the defendant of what purported to be a contract by which a right or interest in 22 bales of cotton would if genuine have been transferred, conveyed, or changed or affected; the uttering of this forged instrument upon which, together with other instruments of like kind, defendant obtained a large sum of money from the Fourth National Bank on drafts secured by the forged instruments; that the drafts were not paid and "no such cotton as that sent." The proper predicate for a confession having been laid to the witness Rossell, there was evidence of a confession by the defendant that the bills of lading were forgeries; that the cotton described had been delivered to the mills on original bills of lading and paid for weeks before. None of this evidence was denied, nor was there any evidence tending to prove any fact which would in any way tend to show an honest intention in the whole transaction. The defendant offered no testimony.

[8] Forgery, under section 4121 of the Code of 1923, is: "Any person who, with intent to injure or defraud, falsely makes, alters, forges, counterfeits," * * * certain instruments being or purporting to be the act of another or who utters same, etc., is guilty of forgery in the second degree. That the defendant did falsely make or forge this bill of lading and that he did utter it is not denied. The only question left is, did he intend to defraud? It is a maxim of the law too well understood to admit of doubt that the defendant intended the natural consequences of his act. The law is not divine. It cannot look into a man's heart and tell what his motives are or what he intends except by what he does: "It is not what goeth into a man which defileth him, but what cometh out." He did forge the paper, he did defraud. The law, therefore, in the absence of proof to the contrary, must presume that he intended to forge, utter, and defraud.

[9, 10] Intent is a necessary ingredient of every offense involving moral turpitude, and this criminal intent is usually to be proven

only by the acts of the defendant. It is true the jury must believe the evidence beyond a reasonable doubt, but the doubt, if any, must have a legal basis. It must not be capricious and without legal foundation. In this case there was no other conclusion to be drawn than that defendant intended the natural consequences of his act.

The application is overruled.