(118 So. 232)

## SEALEY v. STATE. (3 Div. 602.)

Court of Appeals of Alabama. June 30, 1928.

Rehearing Denied Aug. 7, 1928. Reversed on Mandate Oct. 9, 1928.

L. A. Sanderson and H. B. Fuller, both of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. There is but slight conflict in the evidence adduced upon this trial. The accused was indicted for the offense known as false pretense. The amount involved in this case constituted a felony. There is no dispute that the defendant obtained from the alleged injured party, one G. F. Wingard, five head of cattle of the total value of $69. He represented to said Wingard that he had that amount in the Bank of Ramer, and gave him a check upon said bank for the sum of $69. The undisputed evidence is that he did not have the money in the Bank of Ramer as he pretended to Wingard, and as a result the check was dishonored and has never been paid. Wingard never received the money, or did he get his cattle back. The evidence, therefore, tends to sustain the charge, and the jury were justified by returning their verdict of "guilty as charged in the indictment."

Numerous exceptions were reserved to [ ] court's rulings upon the admission and [ ]jection of evidence. The points of decision involved have each been definitely settled by this court in the cases of Dennison v. State, 17 Ala. App. 674, 88 So. 211, Kirby v. State, 16 Ala. App. 467, 79 So. 141, and Kirby v. State, 17 Ala. App. 151, 82 So. 641. No further comment is necessary in this connection.

There is no merit in the exception reserved to the action of the court in overruling defendant's motion for a new trial. As to the fourth ground thereof, the trial court aptly stated:

"There was no proof before the court that the evidence of witness Stuart could not have been secured on the trial by reasonable diligence on the part of the defendant, and, further, that said evidence was merely collateral and cumulative."

We find no error of a reversible nature. The judgment of conviction, from which this appeal was taken, will stand affirmed.

Affirmed.

PER CURIAM. Reversed and remanded on authority of Sealey v. State, 118 So. 233.