197 So. 44

## TERRY v. STATE.

8 Div. 960.

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Denied April 30, 1940.

Wm. Stell, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

342

RICE, Judge.

■ Demurrers to the indictment were properly overruled. Code 1928, Sec. 4121, and section 4556, form 62; Jennings v. State, 17 Ala.App. 640, 88 So. 187. The bond, the forgery of which is alleged, is "any instrument or writing, being or purporting to be the act of another," within the meaning of Section 4121, Code 1928, the false and fraudulent making of which is forgery in the second degree. Hall v. State, 21 Ala.App. 476, 109 So. 847.

The State's testimony was without dispute. It was to the effect that one F. S. Wilson was convicted in Colbert County of the offense of murder in the second degree; that he gave notice of an appeal, and his bond set at $2,000; that appellant, in Franklin County, was active, with others, in procuring sureties on the appeal bond of Wilson; that a number of signatures to said bond were procured by appellant, and one or more procured by others in the absence of appellant; that the bond was eventually by appellant, presented to the Sheriff of Franklin County who endorsed on it the words: "I would *except* this bond in my county. D. C. Nix, Sheriff" (italics ours); that at the time said bond was presented to the Sheriff of Franklin County the name of A. B. Hester appeared on it as one of the sureties, and, inferentially, the name of W. E. Dill so appeared; that sometime later, the bond, with the names of both Dill and Hester affixed as sureties, was presented to the Sheriff of Colbert County by appellant, and approved by said Sheriff.

There was testimony that appellant actually asked Hester to sign said bond; and that he, on one occasion, sought Dill—*apparently* for the purpose of asking Dill to sign same. And that neither Dill nor Hester ever signed said bond—their names being forgeries.

The indictment was in three unnumbered counts; but which, in the order of their succession, we believe it not unreasonable to call Counts 1, 2, and 3.

Count 1 charged appellant with the offense of forging the above mentioned appeal or supersedeas bond of the said F. S. Wilson—which said bond is set out in said count in haec verba.

Count 2, so setting out the said bond, charged appellant with forging the name of W. E. Dill to same.

Count 3, likewise, charged him with forging to the said bond the name of A. B. Hester.

The verdict of the jury was: "We the jury find the defendant guilty on counts 2 and 3 as charged in the indictment."

At the close of the State's testimony—outlined above herein—appellant rested his case and made a motion to exclude the said testimony upon the ground of its insufficiency to establish any crime against him.

■ This was a proper method to pursue—only, though, because of this being a criminal case, as contradistinguished from a civil suit. Robinson v. State, 222 Ala. 541, 133 So. 578; Satterfield v. State, 24 Ala.App. 257, 134 So. 30.

■ But we think the motion was properly overruled and denied.

There was testimony which, as we understand the applicable law, certainly supported the averments of the second and third counts of the indictment. (See Title Forgery, 23 Amer.Jurisprudence pp. 673 to 708.) It seems not worth while to elaborate further.

■ As said in the note to Reuben Walker v. State of Georgia, where same is reported in 8 L.R.A.,N.S., page 1175—and as we think is the law: "to utter—is to declare or assert, directly or indirectly, by words or actions, that an instrument is good."

And when appellant—whose interest in the subject matter is sufficiently shown by his actions—presented the bond in question to the Sheriff of Franklin County for his endorsement, he thereby, in our opinion, represented to him that the signatures on said bond were genuine.

It being undisputed that the signatures of Dill and Hester were forgeries; and that appellant had sought, unsuccessfully, to have each of these men to sign said bond; it appears to us that under the law as we have hereinabove cited it the jury were authorized to assume that appellant committed the forgeries.

Consequently, the court was not in error in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor on either Counts 2 or 3—upon both of which he was convicted.

Nor do we find error of a prejudicial nature in any other ruling or action of the court.

And the judgment is affirmed.

Affirmed.

SIMPSON, J., not sitting.