# Jackson *v.* The State.

## *Larceny.*

(Decided June 2, 1910.   52 South. 730.)

1. *Larceny; Evidence; Recent Possession.*—The term "recent" in the rule that recent possession of a stolen article imposes on the possessor the burden of explaining his possession, etc., has reference to the time of the larceny, and where the evidence showed that the article was stolen in November of a certain year, and the defendant testified that he received it sometime before Xmas of that year, that was evidence of such recent possession as raised the presumption within the rule.

2. *Same.*—The evidence in this case stated and examined and held sufficient to require the submission of guilt vel non to the jury.

3. *Same.*—In a prosecution for larceny of a gun while being transported from one point to another, all the facts attending the shipment are competent in evidence, such as what the package appeared to contain, the proximity of the defendant and his father to

the place from which the evidence tended to show that the gun was taken, their opportunity to have taken it, and the finding of it in the house where he lived.

4. *Evidence; Silence in the Presence of Statements.*—Statements made by the defendant that the gun was his, and his silence when asked where he got it are admissible where it appeared that the gun alleged to have been stolen was found in the house in which he and his father lived.

5. *Same; Opinion Evidence; Identity of Article.*—The opinion of a witness as to the identity of the gun found in the defendant's possession with that claimed to have been stolen is admissible.

6. *Appeal and Error; Harmless Error; Evidence.*—Where the defendant complained that the court interfered with his cross examination of the witness to test his recollection, by directing the witness to consult papers as to the number of the gun alleged to have been stolen, but the bill of exception fails to show sufficiently that the witness availed himself of or obeyed the direction of the court relative to the examination of the papers, no prejudicial error is shown.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Vernon Jackson was convicted of the larceny of a gun, and he appeals. Affirmed.

ALMON & ANDREWS, and JAMES JACKSON, for appellant. The court erred in permitting the witness Willis to state that he received a package from Herron that was said to be a gun.—*Bennett v. The State,* 52 Ala. 370; *McKee v. The State,* 82 Ala. 32; *Riley v. The State,* 88 Ala. 193. The rule is that a witness must state facts and not his deduction or conclusions.—1 Mayf. 338. The court erred in permitting the witness Reese to state that the defendant claimed the gun when it was found and when asked where he got it remained silent.—*McAlpine v. The State,* 117 Ala. 100; *Bradford v. The State,* 104 Ala. 68; *Beckham v. The State,* 100 Ala. 15; *Gregg v. The State,* 106 Ala. 44. Counsel discuss other assignments of error relative to evidence, but without citations of authority. The court erred to the prejudice of the defendant in interfering with his cross examination of the witness to test his recollection as to the number of the

gun, etc.—*Amos v. The State,* 96 Ala. 125; *Tate v. The State,* 86 Ala. 33; 63 Ala. 494.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—The property involved in the offense charged was a shotgun, alleged to have been, in November, 1906, shipped by express from Iron City, Tenn., to W. A. Porter at Russellville, Ala. The evidence tended to show that it was stolen, while at Sheffield, Ala., en route to destination. In February, 1908, the house of William Jackson, the prisoner's father, and their common abode, was searched, and a shotgun was found in a closet therein, which gun, the evidence tended to show, was the gun shipped as indicated. It was further open to the jury to find that the prisoner as well as his father was favorably situated, by reason of the place of employment, to have taken the gun from the custody of the express company. It further affirmatively appears from the evidence that when the gun was found, as stated, the prisoner said, and so without any inducement usually rendering a confession inadmissible, that the gun was his. The witness Shelton stated that the prisoner (on the occasion of the search and finding of the gun) said: "That is my gun;" that "I (he, the witness) says, "Where did you get it?" and he did not answer." The explanation of his possession of the gun offered by the prisoner was that his father, William Jackson, bought the gun "some time before Christmas, 1906," from a party not identified, and gave it to him (the prisoner).

"It is the settled law of this state that the recent possession of stolen goods, imposes on the possessor the onus of explaining the possession; and, if he fails to make a reasonable explanation, raises a presumption of

guilt, which will support a verdict of conviction. If there was evidence tending to connect the defendant with the larceny, the recent, unexplained possession of the goods, it may be, would raise the presumption that he had stolen them, rather than that he had received them knowing them to have been stolen. But where the evidence, though proving the larceny, does not connect him with its commission, tending to fix the guilt of it upon another, and he has the recent possession of the goods, if he makes no reasonable explanation of the possession, the same presumption should be applied, which would be applied if the possession had remained with the first taker. There is no unfairness in the presumption; it is reasonable." This quotation is taken from *Martin's Case,* 104 Ala. 71, 78, 16 South. 82. See, also, *Boyd's Case,* 150 Ala. 101, 43 South. 204.

The basis of the evidential (only) presumption stated is that the goods were "stolen." The vidence here tended to establish that fact. If they so found, then the inquiry was, whether, from the explanation offered in connection with the indicated presumption, and both phases of this inquiry were matters for the jury's consideration and final finding, the defendant was guilty. —*Thomas' Case,* 109 Ala. 25, 19 South. 403.

The qualifying term "recent" has reference to the possession of the goods as that is related to the time of the commission of the larceny.—*Thomas' Case, supra;* 1 May. Dig. p. 582 et seq. The prisoner himself fixed his possession of the gun which the evidence tended to show was the stolen gun, at "some time before Christmas, 1906," a point of time referable to "recently" after the larceny the evidence tended to show.

As readily appears, on the whole evidence, the guilt vel non of the accused was for the jury's determination. So the affirmative charge to acquit was not his due.

[Jackson v. The State.]

The appellant complains, in 23 errors assigned, of that many errors of the trial court. They have all been carefully considered, in the light of the record and the extended argument of appellant's counsel. No prejudicial error appears.

As to the ruling on evidence complained against, all of the facts and circumstances attending the shipment of the package, its appearance, what it "appeared" to contain, the proximity of the appellant and of his father to the place from which the gun, the evidence tended to show, was taken, their opportunity to have taken the gun, the search for and finding of the gun as before indicated, the statement of the appellant that he claimed the gun, the question asked by Shelton as to where he got it, and his "silence" when explanation was directly invited, and the evidence, even though a matter of opinion, of identity of the gun found and that alleged to have been taken, were admissible and in this case were properly admitted on the trial.

The complaint that the court erroneously interfered with the right of the prisoner's counsel to cross-examine one of the state's witnesses cannot avail. It does not appear from the bill of exceptions, if indeed that would alter the matter, that the witness availed himself, or obeyed the direction of the court to consult papers showing the number of the gun, and hence does not appear that his recollection, sought to be tested by the cross-examiner, received any aid from that source.

Let the judgment be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.