**GRAY v. STATE.** (2 Div. 276.)

(Court of Appeals of Alabama. June 30, 1923.)

Larceny ☞64(3)—Unexplained possession of stolen goods raises no presumption of guilt, unless recent.

It is only the recent unexplained possession of stolen goods, as related to the time of the commission of the larceny, that creates an inference, or raises a presumption, of guilt.

Appeal from Circuit Court, Greene County; R. I. Jones, Judge.

Lewis Gray, alias Cootsy Grey, was convicted of grand larceny, and appeals. Reversed and remanded.

E. F. Hildreth, of Eutaw, and R. B. Evins, of Greensboro, for appellant.

It is only the possession of stolen property by the defendant recently after the larceny that creates the inference or raises the presumption of guilt. Maynard v. State, 46 Ala. 85; Martin v. State, 104 Ala. 71, 16 South. 82.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The defendant was convicted of having stolen three silk shirts and two silk ties from a dwelling house. There was no direct evidence of the theft, or when it occurred. The owner testified that he had the shirts in his room; that he missed them in September 1922; that within six months prior thereto, but just when he could not say, he had seen the shirts and ties in his room. On learning of the loss, the owner procured a search warrant, and with the sheriff searched the house of one Daisy Gray, and in said house and in the room occupied by defendant the articles were found. The possession was admitted by defendant, who in explanation of his possession offered testimony tending to prove that he bought the shirts in Birmingham about July 4th, and had worn them openly since that time.

The defendant excepted to the following part of the court's oral charge:

"If, after the state shows that this property was found in the possession of the defendant, and shows that it was taken from the house of Mr. Kindley without his permission or knowledge, the burden then shifts to the defendant to reasonably satisfy you as to how he came into possession."

It is a well-settled proposition of law in this jurisdiction that it is only the "recent" unexplained possession of stolen goods that creates the inference, or raises the presumption of guilt and until the possession is shown to be recent, the defendant is not called upon for explanation. Maynard v. State, 46 Ala. 85; Martin v. State, 104 Ala. 71, 16 South. 82; White v. State, 72 Ala. 195. The foregoing part of the court's charge was therefore error.

It is not every or any possession of goods found to have been stolen, which raises the presumption of guilt; nor, in fact, every such unexplained possession. Another element is necessary. It must be recent, or soon after the larceny has been committed. White's Case, 72 Ala. 195; Henderson v. State, 70 Ala. 23, 45 Am. Rep. 72. And the qualifying term "recent" refers to the possession of the goods as that is related to the time of the commission of the larceny. Thomas v. State, 109 Ala. 25, 19 South. 403; Jackson v. State, 167 Ala. 77, 52 South. 730. The defendant therefore was entitled to have the court give charge 9 as follows:

"It is only the recent unexplained possession of stolen property that raises a presumption of the guilt of the possessor. Unless you can fix the date of the larceny from the testimony so that the date on which the defendant is first shown to have been in possession of the property was recently after the larceny, his possession of the property would not raise the presumption of guilt."

The other questions will probably not arise on another trial. For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.