## KINNEY v. STATE*

(No. 1432; June 16, 1927; 256 P. 1040.)

LARCENY—RECENT POSSESSION AS EVIDENCE—QUESTIONS FOR JURY—CRIMINAL LAW—INSTRUCTIONS.

1. Evidence *held* to sustain conviction for larceny of certain saddles found in defendant's possession within six days after theft.

2. Defendant's possession of saddles within six days after they were stolen *held* ''recent,'' within rule making such fact evidence of defendant's guilt.

3. Whether possession of stolen property is ''recent'' within rule making such fact evidence of guilt is usually a question for the jury.

4. In prosecution for larceny, the admission in evidence of photograph of defendant apparently taken in penitentiary of another state showing defendant in prisoner's garb *held* not reversible error where defendant's counsel was partly responsible for its admission and where it was withdrawn on court's own motion and jury instructed to disregard it.

5. In prosecution for larceny, where defendant did not testify, refusal of requested instruction to the effect that he was not required to testify and that he might if he elected make a statement, but that his neglect or refusal to do so should not create any presumption against him, under Comp. St. 1920, § 7507, *held* not error.

See Headnotes: (1-3) 36 CJ p. 896 n. 99 New; p.899 n. 34; p. 920 n. 51; 34 Cyc. p. 532 n. 1.  (4) 17 CJ p. 211 n. 4, 7; p. 325 n. 72. (5) 16 CJ p. 1022 n. 57.

ERROR to District Court, Converse County; CYRUS O. BROWN, Judge.

Harry Kinney was convicted of larceny, and he brings error.

*John D. Dawson*, for plaintiff in error.

The evidence is purely circumstantial; Gardner v. State, 27 Wyo. 316, should be decisive; possession of the property, four hundred miles from the place of the alleged taking, cannot be construed as recent; 17 R. C. L. 72; Richey v. State, 28 Wyo. 132. The introduction of evidence, leaving an inference that defendant had been an inmate of the Montana penitentiary, was highly prejudicial, even though the court ordered it withdrawn; State v. Sorrentino, 31 Wyo. 144.

*W. O. Wilson*, Attorney General, and *James A. Greenwood*, Deputy Attorney General, for defendant in error.

The evidence established the fact that defendant was in possession of the stolen property within four days after the theft; no effort was made to explain such possession, and it created a presumption of guilt; 17 R. C. L. 74, 76. The theft of the property was proven, and defendant's claim of ownership established a prima facie case; Dalzell v. State, 7 Wyo. 450; Richey v. State, 28 Wyo. 117; McFetridge v. State, 231 Pac. 405; McNeally v. State, 5 Wyo. 68. The photograph was brought into the case in an attempt to establish an alibi, but it was withdrawn and the jury instructed to disregard it; it cannot be pre-

sumed that the photograph influenced the jury in the least; State v. Greenland, 100 N. W. 341; Copenhaver v. State, 67 N. E. 453.

BLUME, Chief Justice.

The defendant was convicted of the larceny of certain saddles, of the value of $163.75, and from a sentence pursuant to the conviction, he has appealed.

1. It is assigned as error that the evidence was not sufficient to sustain the verdict. The saddles in question, seven in number, were located on the Carey ranch in Converse County, Wyoming, and were stolen therefrom on the night of June 7, 1924, or possibly on the night of June 6, 1924. To show that the defendant had an opportunity to commit the crime, the state produced testimony that at the time of this theft the defendant was employed on Boot ranch, located a short distance from the Carey ranch, and remained in that employment until the morning of June 9, 1924. At least on the night of June 6, 1924, the defendant was absent from the Boot ranch, leaving it in company with one Ostrem with the apparent purpose of going to "town." The state further showed that on June 12, 1924, the defendant appeared in Big Timber, Montana, some 400 miles from the Carey ranch aforesaid, in a Ford automobile and with the stolen saddles above mentioned in his possession; that at that time he went under the name of W. J. Cash; that he offered the stolen saddles for sale, saying that he had a "dude" ranch in Wyoming or Texas, but had gone broke and had these saddles for sale; that he sold three of them on June 12, 1924, for $85 and sold three more on June 13, 1924, for $20. The defendant did not explain or attempt to explain his possession of the stolen property aforesaid, but asserted that he was somewhere else at the time that the State's witnesses claimed to have seen him in Montana. Considerable testimony was introduced as to the identity of the defendant and the W. J. Cash who sold the stolen

property, and the jury's conclusion on this point cannot be disturbed. It is claimed, however, that the possession of the stolen property was not recent within the meaning of the rule of law which makes that fact a material factor in determining the guilt or innocence of the defendant. See Younger v. State, 12 Wyo. 24, 73 Pac. 331; 36 C. J. 937-939; 17 R. C. L. 71, 72. The term "recent" in this connection is a term incapable of exact definition, and what is recent varies, within a limited range, with the conditions and the surrounding circumstances of each case. Whether the possession is recent in a particular case is usually, although within that limited range, a question for the jury. Wharton, Crim. Ev. Sec. 759; White v. State, 72 Ala. 195, 200; Rex v. Adams, 3 Car. & P. 600; People v. Friedman, 149 App. Div. 873; 134 N. Y. S. 153; State v. Minnick, 54 Or. 89; 102 Pac. 605, 607; Jackson v. State, 167 Ala. 77; 52 So. 730. In the last cited case, the larceny had been committed sometime in November, 1906; the defendant was found to have had possession of the property "some time before Christmas, 1906," and the court held that the possession could be held to have been "recent." The time intervening between the date of the larceny in the case at bar and the date when the property was sold in Montana was not more than five or six days, and we think it clear that the jury had a right to decide that the latter date was "recent" in relation to the former. We further think that the evidence in this case, an outline of which has been given herein, was sufficient to warrant the jury in finding the defendant guilty. 17 R. C. L. 72.

2. It is also claimed that the prosecuting attorney was guilty of gross misconduct in introducing in evidence and exhibiting to the jury a certain photograph of the defendant, apparently taken in the penitentiary in Montana. The photograph was first mentioned, during the trial, by counsel for the defendant. They examined two witnesses

at length as to their ability to identify the defendant as being the same person who, as W. J. Cash, sold the saddles in question at Big Timber, Montana, and counsel attempted, apparently, to show that the witnesses would not have been able to have identified the defendant, had it not been for a photograph sent by the sheriff of Converse County, Wyoming, to Big Timber, Montana. During this examination the origin of the photograph otherwise was not brought out; but it is clear that counsel for the defendant knew of its existence and that it had been examined by the witnesses. The more or less lengthy cross-examination on this subject focused some attention on the photograph, and counsel for the state were thereby naturally, though perhaps improperly, led to offer it in evidence, which was done at the end of the cross examination of one of the witnesses for the state. When it was offered, counsel for the defendant stated: "I think it is immaterial, but we have no objection." The court thereupon ruled that it might be received. Later, counsel for the defendant again examined the witness, and upon that examination the following is shown:

"Q. This photograph that has been introduced here, or a duplicate of it, you received from the county attorney through the mail?
A. From the sheriff's office.
Q. From the sheriff's office, through the mail?
A. Yes, sir.
Q. You don't know where and when taken?
A. It was taken in one of the penal institutions, I presume."

The fact, accordingly, that the photograph was taken in a penal institution was brought out by counsel for the defendant, but even then no objection was made to the introduction of it in evidence, and no motion was then made to withdraw it from the jury. Apparently the whole proceeding was satisfactory to counsel, despite the fact

that they now claim the contrary. Later on during the trial the sheriff of Converse County testified as a witness on behalf of the state, and during his examination by the prosecuting attorney he was asked where he got the photograph above mentioned, and he answered ''from the penitentiary in Montana.'' Thereupon, counsel for the defendant said: ''We move that the statement be stricken out and the jury instructed to disregard it.'' The court said: ''It may go out, and I will withdraw the picture from the record. It will be stricken from the record.'' The court further gave the jury the following instruction, which could have related only to the matter now under discussion:

''You are instructed that where questions were asked and answers were permitted and finally stricken out, and all evidence of any character received in this case and stricken out by the court, is not evidence for your consideration in this case and should not in any event be considered by you in arriving at your verdict.''

The court did, accordingly, all that it was asked to do by counsel for the defendant, and in fact more, for it excluded the photograph from the record on its own motion. If the action of the prosecuting attorney was error —which we assume, since it was an indirect attempt to show defendant's former conviction of a felony—it was cured in so far as it was possible to be done. In some cases, as intimated in State v. Sorrentino, 31 Wyo. 129, 233 Pac. 142; this might not be sufficient. But the present case is not such a case. The defendant's counsel were, in a measure, themselves responsible for the photograph being introduced in evidence, and when it was introduced, they specifically consented thereto. The explanation that they naturally expected that the photograph in the possession of the State was the ordinary photograph, and not one showing the defendant in a prison garb, is not adequate. They knew of its existance; they had cross-exam-

ined two witnesses in regard to it. It does not behoove them to say that they did not examine it before it was introduced in evidence. The statement of the sheriff of Converse County that he obtained the photograph from the penitentiary in Montana was without any damage or prejudice to the defendant, since it had previously been introduced in evidence and another witness had, upon examination of counsel for defendant, testified that it was taken in a penal institution. Under these circumstances defendant has no right to complain, and the foregoing assignment of error must be overruled.

3. The defendant did not take the witness stand and asked the court to instruct the jury to the effect that he was not required to testify; that he might, if he elected, make a statement, but that his neglect or refusal to do so should not create any presumption against him. Error is predicated upon the refusal to give this instruction. A similar instruction was asked in the case of Leslie v. State, 10 Wyo. 10, 65 Pac. 849; 69 Pac 2; and this court held that it was not error to refuse to do so in view of the fact that our statute (Sec. 7507, W. C. S. 1920) specifically provides that no reference shall be made to, nor shall any comment be made on such neglect or refusal. The assignment of error must, accordingly, be overruled.

Finding no error in the record, the judgment of the district court must be affirmed. It is so ordered.

*Affirmed.*

POTTER and KIMBALL, JJ., concur.