# Kirklin *v.* The State.

## *Murder.*

(Decided July 6, 1910.  53 South. 253.)

1. *Evidence; Hearsay.*—A question calling for. a statement made by a person about the defendant's coming' to her house to get' a gun was objectionable as hearsay evidence, when propounded to a witness other than the person making the statement; as was the answer of the witness that the person said that if the defendant had listened to her the killing would not have happened, that defendant came to her house to get her husband's gun, that she tried to keep him from getting the gun, but with an oath he said he was going to take the gun, took it and went towards the branch with it.

2. *Witness; Character; Impeachment.*—Where the defendant testified in his own behalf, it was competent for the state to show that his general character in the community in which he lived was bad.

3. *Homicide; Evidence; Dying Declarations.*—Where it is sufficiently shown that a decedent was impressed with the conviction that he could not recover, his declarations relative to the difficulty are rendered admissible, although at the time of making them he may not have been in articulo mortis.

4. *Same; Instruction; Degree of Crime.*—A charge asserting that if defendant killed deceased by shooting him with a gun with malice aforethought, he was guilty of murder, and if the killing was malicious, wilful, deliberate and premeditated, and the deliberation and premeditation existed only a moment before the fatal shot was fired, he was guilty of murder in the first degree, was erroneous for failing to require the jury's belief to be based upon the evidence beyond a reasonable doubt.

APPEAL from Shelby Circuit Court.

Heard before Hon. A. H. ALSTON.

John Kirklin was convicted of murder, and he appeals. Reversed and remanded.

Kirklin was indicted for killing Tom Brasher. The evidence excepted to is sufficiently set out in the opin-

[Kirklin v. The State.]

ion. At the request of the state the court gave the fol-
lowing charge: "(4) If you believe from the evidence
that the defendant, in this county and before the finding
of this indictment, killed Tom Brasher by shooting him
with a gun, with malice aforethought, he is guilty of
murder; and if said killing was willful, deliberate,
malicious, and premeditated, and the deliberation and
premeditation existed for only a moment before the
fatal shot was fired, the defendant is guilty of murder
in the first degree."

J. I. ABERCROMBIE and McMILLAN & HAYNES, for appellant. Charges 4, 5 and 6 given at the request of the
state failed to hypothesize a belief upon the evidence
beyond a reasonable doubt, and were consequently bad.
—*Pearson v. The State,* 99 Ala. 148; *Heath v. The State,*
99 Ala. 179; *Rhea v. The State,* 100 Ala. 119. Charges
3, 8 and 20 requested by the defendant should have been
given.—*Kennedy v. The State,* 140 Ala. 1; *Snyder v.
The State,* 145 Ala. 33. Charge 14 should have been
given.—*Hinson v. The State,* 112 Ala. 41; *Whitton v.
The State,* 115 Ala. 72. The evidence admitted over the
objection of the defendant as to what Mrs. Kirklin said
was hearsay and its admission error.

ALEXANDER M. GARBER, Attorney General, for the
State. The charges given at the request of the state
were correct.—*Roberts v. The State,* 68 Ala. 156. The
charges refused to the defendant were properly refused.—*Linehan v. The State,* 113 Ala. 70

EVANS, J.—The solicitor asked the state's witness
Sadie Clerkley the following question: "What did
Belle Kirklin say, after she came up, about John Kirklin, the defendant coming to her house to get a gun?"

The defendant objected to said question, on the ground that it called for irrelevant, illegal, and incompetent evidence. The court overruled the defendant's objection, and allowed the witness to answer said question. The witness answered: "Mrs. Belle Kirklin said, if John had listened to her, this would not have happened; that John came to her house to get her husband's gun; that she tried to keep him from taking the gun; that he, using an oath, said he was going to take the gun, and he took the gun and went down toward the branch with it." The defendant moved the court to exclude the evidence from the jury, upon the ground that it was irrelevant, illegal, and incompetent. The court overruled the motion. The defendant reserved exceptions to both rulings of the court. The question called for hearsay evidence, and the answer was hearsay evidence. It was not in any sense a part of the res gestæ. The question called for illegal evidence, and the answer was illegal evidence; and the court erred in allowed the same over the objection of defendant.

After defendant had testified as a witness in his own behalf, the court allowed the state, over the objection of the defendant, to offer the evidence of one N. M. Davis to the effect that said witness knew the general character of defendant in the community in which he lived, and that it was bad. There was no error in this ruling of the court. The defendant, having made himself a witness in his own behalf, was subject to impeachment, and general bad character affects one's credibility as a witness.

The deceased was shot twice by defendant at close range, inflicting such wounds that he fell on the spot and had to be carried home by other parties, having corn sacks stretched under him. This was done on Saturday, and he died from the effects of these wounds on

[Kirklin v. The State.]

the following Wednesday: On Sunday next following the shooting his brother-in-law, Jeff Patterson, came to see him. Deceased said to Patterson: "Jeff, I am killed. John Kirklin has killed me. John Kirklin shot me for nothing. I had no words with him, and was not mad at him. I did not see him a minute before he shot me. He came upon me, without saying a word to me, and shot me." We are of opinion that the court properly allowed the state to prove by the witness Jeff Patterson what the deceased said as dying declarations. "It is not necessary to the admission of dying declarations, in point of fact, that they be made in articulo mortis, and that dissolution result immediately afterwards; but declarant must be impressed with the conviction that he cannot possibly recover."—*Young v. State,* 95 Ala. 4, 10 South. 913. We think the testimony upon the predicate in this case, was sufficient to show that he was mortally wounded, and that deceased was impressed with the conviction that he could not possibly recover, and that he died within two or three days after making the statement.

- Charge 4, given at the request of the state, was erroneous, and should have been refused. The fact that the jury might believe, from the evidence, that the defendant killed Tom Brasher by shooting him with a gun, with malice aforethought, could not make the defendant guilty of murder. They might have believed it, and it might not have been true. If the charges meant to say that, if the jury believed from the evidence that defendant did as stated, then they must find him guilty of murder, then the charge was at fault in failing to state that they must believe it beyond a reasonable doubt, as that is the measure of proof demanded in a criminal case before conviction can be had,

As the case will have to be reversed for the errors pointed out, it is useless to review the other rulings of the court on charges given at request of state or refused at the request of defendant.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., con-cur.