# Thomas v. The State.

### Larceny.

(Decided August 1, 1916. Rehearing denied September 7, 1916.
72 South. 688.)

1. **Larceny; Evidence.**—Where there was evidence that the goods recently in possession of defendant were stolen by some unknown person, the defendant's failure to make reasonable explanation of his recent possession of the goods, raises a presumption of guilt.

2. **Charge of Court; Directing Verdict.**—Where the evidence not only carried inferences of his guilt but was strong enough to carry conviction to the minds of the jury, defendant was not entitled to the affirmative charge.

3. **Larceny; Instructions.**—A charge that the mere unexplained possession of stolen property is not evidence of guilt, if referring to recent possession, is an incorrect statement, and if not, is abstract. and calculated to mislead.

4. **Charge of Court; Covered by Those Given.**—The court will not be put in error for refusing duplicate charges, or for refusing to give charges substantially covered by the oral charge, or written charges given.

[Thomas v. The State.]

5. **Larceny; Instructions.**—Where there was evidence under which defendant might be convicted as particeps criminis for complicity in the taking, it was proper to refuse an instruction predicated upon a felonious asportation by defendant.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Emily Thomas was convicted of petit larceny, and appeals. Affirmed.

The evidence for the state shows that a lavaliere was taken from the house of Mr. Steed, and was the property of his wife, of the value of $15. That defendant was found in possession thereof some time after it was missed, and her explanation of her possession was that it had been given to her by one Joe James. The following charges were refused the defendant:

(21) General affirmative.

(22) "The mere unexplained possession of stolen property is not evidence of guilt."

(23) Covered by charge 7 given.

(24) "In order for you to convict defendant you must believe from the evidence in this case that she feloniously took and carried away the property she is alleged to have stolen, with intent to steal."

W. H. LONG, JR., and WERT & LYNNE, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—Appellant was indicted and tried for grand larceny; the jury convicted her of petit larceny.

(1) The bill of exceptions does not disclose that any exceptions were reserved to the evidence; it does show that the appellant excepted to a portion of the court's oral charge, the portion excepted to being as follows: "The fact that a person has the recent unexplained possession of stolen goods is evidence which the jury may consider to determine defendant's guilt."

Before the introduction of evidence showing appellant's recent possession of the lavaliere, claimed to have been stolen, the effect or tendency of the evidence previously introduced had been to prove the theft of the lavaliere (the corpus delicti) by some unknown person. In *Martin's Case*, 104 Ala. 71, 16 South. 82, BRICKELL, C. J., states the rule which is quoted with approval in *Jackson's Case*, 167 Ala. 77, 52 South. 730, as follows: "It is the

settled law of this state that the recent possession of stolen goods imposes on the possessor the onus of explaining the possession; and, if he fails to make a reasonable explanation, raises a presumption of guilt, which will support a verdict of conviction. If there was evidence tending to connect the defendant with the larceny, the recent unexplained possession of the goods, it may be, would raise the presumption that he had stolen them, rather than that he had received them knowing them to have been stolen. But where the evidence, though proving the larceny, does not connect him with its commission, tending to fix the guilt of it upon another, and he has the recent possession of the goods, if he makes no reasonable explanation of the possession [and the reasonableness of the explantion is a matter for the jury] the same presumption should be applied, which would be applied if the possession had remained with the first taker. There is no unfairness in the presumption; it is reasonable."

Hence the onus was on appellant to make such reasonable explanation as might satisfy the minds of the jury, and in this she failed. We are unable, in this state of the evidence, to perceive the cogency of appellant's objection; the court's oral charge was without error.

(2-5) It also appears that the trial court refused to give at the instance of appellant several written requests for charges numbered respectively 21, 22, 23, and 24. No. 21 requesting the general affirmative charge was properly refused; the evidence not only carried inferences of guilt, but was sufficiently strong, as the verdict subsequently proved, to carry conviction to the minds of the jury. No. 22 did not correctly state the law if it had reference to recent possession, and, if not, it was abstract and calculated to mislead. No. 23 asserts a correct proposition of law, but practically the same charge had already been given by the court in written charge No. 7 given at the instance of appellant, and the court will not be put in error for refusing to duplicate charges or for refusing to give charges substantially covered by other written charges given. No. 24 was properly refused because a conviction was predicated upon a felonious asportation by the defendant, ignoring the fact that appellant might be convicted as a particeps criminis for complicity in the taking, under the evidence in this case.

There being no error in the record, the judgment of the learned trial court is affirmed.

Affirmed.