## MORROW v. STATE. (8 Div. 52.)

(Court of Appeals of Alabama. April 3, 1923. Rehearing Denied April 17, 1923. Reversed on Mandate of Supreme Court. April 26, 1923.)

**1. Criminal law ☞586, 1151—Continuance rests in trial court's discretion.**

The granting of a continuance in the trial of a criminal case is within the discretion of the trial judge, and his decision will not be disturbed unless it appears, that the discretion was abused.

**2. Criminal law ☞448(8)—Evidence tracks of human being were found at scene and direction in which they led is competent as a fact and not a conclusion.**

Where a crime is shown to have been committed in a certain house, it is competent to show that tracks of human beings were found near the house and to show the direction in which the tracks were going, if the other evidence in the case tended to connect defendant with the crime and with the making of the tracks; the testimony as to the direction being not a conclusion but the statement of a fact.

**3. Larceny ☞56—Evidence held to establish corpus delicti.**

Evidence that soy beans belonging to the prosecuting witness were removed from the house in which they were stored without his knowledge or consent, that there were tracks of three men around the house where the beans were stored, which led to a point near defendant's house, and that alongside the tracks were found some soy beans, as if they had been dropped along while being carried, was sufficient to establish the corpus delicti of larceny of the beans.

**4. Criminal law ☞448(8)—Witness can state track was made by shoe ordinarily worn by a man.**

Since it is a matter of common knowledge that there is a marked difference between the shoes ordinarily worn by men and those worn by women, it was not error for the court to permit a witness to state as a fact that a track made at the scene of the crime was made by a shoe ordinarily worn by a man.

**5. Larceny ☞49—Evidence tracks led to defendant's house is slight circumstance showing guilt.**

Evidence that tracks found at the scene of a crime led to a point within 100 yards of defendant's house, though not of itself sufficient to connect defendant with the commission of the crime, was relevant as tending to establish the corpus delicti of larceny, and, in connection with other testimony tending to connect defendant with the commission of the larceny, was a circumstance to show his guilt.

**6. Criminal law ☞338(1)—Generally evidence tending in reasonable degree to establish probability or improbability of fact is relevant.**

As a general rule, any evidence that tends in any reasonable degree to establish the probability or improbability of a fact in issue, no matter how slight its weight may be, is relevant.

**7. Criminal law ☞741(2)—Weight of evidence as to direction in which tracks led is question for the jury.**

The weight of evidence that tracks found in the vicinity of the house where the crime was committed led to a point within 100 yards of defendant's house is for the jury to determine under proper instructions.

**8. Criminal law ☞693—Objection to testimony after answer was given was too late.**

Where no objection was made to a question calling for testimony as, to the value of soy beans in a prosecution for stealing a quantity of such beans before the witness answered, an objection thereafter was too late to require reversal, especially where there was no dispute as to the value of the beans as fixed by another witness.

**9. Witnesses ☞236(2)—Question preliminary to identification of stolen property held competent.**

Where the prosecuting witness claimed that beans stolen from him were subsequently found in a store, a question asked the proprietor of the store, if his attention was directed by the prosecuting witness to a particular sack, was permissible as preliminary to the identification of the beans.

**10. Larceny ☞64(1)—Unexplained possession of recently stolen property is presumptive of guilt.**

The possession of recently stolen goods, when unexplained, is presumptive of defendant's guilt.

**11. Criminal law ☞700—Solicitor can ask defendant's counsel if he intended to use a certain showing.**

The state solicitor had a right to ask defendant's counsel if he intended to use a certain showing in evidence as a basis for the solicitor's examination of the witness then on the stand.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Rube Morrow was convicted of grand larceny, and appeals. Reversed and remanded on certiorari granted by Supreme Court in Ex parte Rube Morrow, 97 South. 108.

When the case was called for trial, defendant moved for a postponement and attachments for two certain witnesses. It was made known to the court that one witness was detained by reason of the sickness of a child; that the other witness had been summoned and had attended on a former day when the case was called and postponed at the instance of defendant, and had been seen to leave the courthouse with the defendant; that attachments had been issued for said witness; and that he could not be found. Whereupon the motion to postpone was overruled, and defendant excepted.

On the trial a witness for the state testified "that his recollection was soy beans were worth from $4 to $6 per bushel." It appears from the bill of exceptions that the defendant objected to this statement and moved to exclude it, but that no objection was interposed to the question calling for the statement.

John A. Lusk & Son, of Guntersville, for appellant.

Compulsory process for obtaining witnesses is a substantive right of a defendant. Const. § 6; Thomas v. State, 15 Ala. App. 408, 73 South. 558; Walker v. State, 129 Miss. 449, 92 South. 580. A witness cannot testify that one set of tracks is the same as another set, nor that a track is that of a man, and not of a woman. Terry v. State, 118 Ala. 79, 23 South. 776; Pope v. State, 174 Ala. 63, 57 South. 245; Herring v. State, 122 Miss. 647, 84 South. 700; Kinnan v. State, 86 Neb. 234, 125 N. W. 594, 27 L. R. A. (N. S.) 478, 21 Ann. Cas. 335; 10 R. C. L. 993. It is always competent to show that a witness is hostile to the party against whom he is called. 5 Jones on Evi. 828; Rarden v. Cunningham, 136 Ala. 266, 34 South. 26; Drum v. Harrison, 83 Ala. 386, 3 South. 715; Jackson v. State, 156 Ala. 93, 47 South. 77; Jordan v. State, 16 Ala. App. 51, 74 South. 864; Yarbrough v. State, 105 Ala. 43, 16 South. 758; Worthington & Co. v. Gwin, 119 Ala. 44, 24 South. 739, 43 L. R. A. 382.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The granting of a continuance in the trial of a criminal case is within the discretion of the trial judge, and his decision will not be disturbed unless it appear that the discretion was abused. Sanders v. State, 181 Ala. 35, 61 South. 336; Gilbert v. State, 2 Ala. App. 94, 57 South. 127; Sanderson v. State, 168 Ala. 109, 53 South. 109; Castona v. State, 17 Ala. App. 421, 84 South. 871.

[2] Where a crime is shown to have been committed in a certain house, and the tracks of human beings are found near the house, it is competent to show, and a witness may testify, in which direction the tracks were going, if the other evidence in the case tended to connect the defendant with the crime and with the making of the tracks. The testimony of the witness as to the direction in which the tracks were leading is not a conclusion, but the statement of a fact.

[3] The evidence for the state tended to show that Moultrie, the injured party, had some soy beans in sacks, stored in a house on his place; that without his knowledge or consent these beans were removed; that there were tracks of three men in and around the house where the beans were stored, which when followed led to a point near defendant's house. These tracks were identified as men tracks, or as tracks made by shoes ordinarily worn by men. Along with the tracks were found some soy beans, as if they had been dropped along while being carried. This was sufficient evidence to establish the corpus delicti. So that the ground of objection to evidence that the corpus delicti had not been proven is not well taken.

[4] Owing to the fact that it is a matter of common knowledge that there is a marked and well defined difference between shoes ordinarily worn by men and those worn by women, to such an extent even that everybody of ordinary intelligence knows the difference between a man's shoe and a woman's shoe, it is not error for the court to permit a witness to state as a fact, if he knows, that a certain track was made "by a shoe ordinarily worn by a man."

[5, 6] No effort was made to show directly that either of the three tracks found at the house from which the beans were stolen were the tracks of the defendant, or that they corresponded with defendant's tracks, and the fact that these three tracks led to within 100 yards of defendant's house was not of itself sufficient to connect the defendant with the commission of the crime. But evidence of these tracks was relevant as part of the res gestæ, tending to establish the corpus delicti, and when evidence was introduced tending to connect defendant with the recent unexplained possession of the beans alleged to have been stolen, not only was a fact tending to establish the fact that the beans were stolen, but was a circumstance, though slight, to which the jury might look in determining the guilt or innocence of the defendant. Campbell v. State, 17 Ala. 369; Baalam v. State, 17 Ala. 451; Levison v. State, 54 Ala. 520; Burton v. State, 115 Ala. 1, 22 South. 585. As a general proposition, any evidence that tends in any reasonable degree to es-

tablish the probability or improbability of a fact in issue, no matter how slight its weight may be, is relevant. Elliott on Evidence, pars. 144, 145, 147; 1 Greenleaf, E. par. 61a.

[7] We have many, decisions and some conflict, in this state, as to the identity of tracks; for that enters the realm of opinion evidence, as to which there are many divergent views; but as to the fact that there were tracks and their description, the rule is more clear and clouded with less doubt. As to the weight to be given the fact when proven, the jury must determine under proper instructions from the court.

[8] The objection to the testimony that the value of the beans was $4 to $6 per bushel came too late. Besides, there was no dispute as to the value of the beans as fixed by other witnesses shown to have known the value.

[9] Beans claimed to be the ones stolen were found by the injured party in a storehouse in Guntersville on February 7th, after the beans were missed on February 5th, in possession of the owner of the store, a Mr. Woodham. Woodham was asked if Moultrie, the injured party, directed his attention to a particular sack. This was preliminary to identification and was permissible

The fact that the witness Hunt, a witness for the state, had "fallen out" with defendant's brother, was not relevant and was properly excluded, and the fact, if it was a fact, that witness Hunt "fell out with defendant and his whole family after Hunt was arrested for having a still," is not relevant to the issue. The pertinent inquiry as to ill feeling relates to the time of trial and not to some other and indefinite period.

The fact that a still was found under the house of the witness Hunt was not relevant to any issue in the case.

[10] The motion of defendant to exclude all of the evidence for the state, on the ground of its insufficiency, was properly overruled. As we have already seen, the evidence was sufficient to authorize the jury in the conclusion that the crime had been committed by some one. The state's evidence went further and tended to trace the recent possession of the stolen beans in the defendant. This recent possession of stolen goods, being unexplained was presumptive of the defendant's guilt.

The pertinency of where the witness Sampson was at the time one Bob Lang was being tried down at Gadsden is not apparent from this record to any issue involved in this case, but we also fail to see how that fact could injure defendant in his substantial rights.

[11] The state solicitor had a perfect right to ask defendant's counsel if he intended to use a certain showing in evidence. This information was presumably desired as a basis for the solicitor's conduct of the examination of the witness then on the stand.

We have already gone to some length to show that there was sufficient evidence on which to base a verdict of guilt, and without reiteration we may say the questions involved were fairly presented to the jury under the charge of the court and we see no reason to disturb their findings. The motion for new trial was properly overruled.

There is no error in the record. Let the judgment be affirmed.

Affirmed.

PER CURIAM. Reversed and remanded on authority of Ex parte Morrow, 97 South. 108.

FOSTER, J., not sitting.