## PREUIT v. STATE. (8 Div. 445.)

(Court of Appeals of Alabama. Oct. 26, 1926.)

1. Criminal law ☞741 (1).

Weight of evidence is for jury.

2. Larceny ☞51 (1).

Evidence of defendant's possession of $60, when arrested, after denial that he possessed more than $4 or $5, held properly admitted in prosecution for grand larceny.

3. Larceny ☞68 (3).

Conflicting evidence explaining defendant's possession of money found on his person, when arrested, held to present jury question.

Appeal from Circuit Court, Lawrence County; J. E. Horton, Judge.

Jessie Frank Preuit was convicted of grand larceny, and he appeals. Affirmed.

E. B. Downing, of Moulton, for appellant.

Evidence as to defendant's statement of how much money he had, and as to the search by officers, was erroneously admitted. Wells v. State, 20 Ala. App. 240, 101 So. 624; Cooper v. State, 86 Ala. 610, 6 So. 110, 4 L. R. A. 766, 11 Am. St. Rep. 84. A conviction cannot be had on uncorroborated testimony of an accomplice. Smith v. State, 59 Ala. 104; Lockett v. State, 63 Ala. 5.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The corroboration of Steele was sufficient to carry the case to the jury. Cobb v. State, 20 Ala. App. 3, 100 So. 463. The fact that money was taken from defendant's person was admissible, even if the search was illegal. Peek v. State, 19 Ala. App. 370, 97 So. 374. Defendant's statement was admissible, proper predicate being laid. Thomas v. State, 19 Ala. App. 187, 96 So. 182.

RICE, J. [1] Defendant was indicted jointly with Solomon Steele for the larceny of a bale of cotton. The court granted a motion for a severance. Defendant was tried alone and convicted.

The trial court did not err in refusing the affirmative charge requested for the defendant; there was evidence corroborating the testimony of Steele sufficient to carry the question to the jury. The weight of the evidence of Steele and of the defendant were, of course, for the jury.

[2, 3] Over defendant's objection, the state was allowed to show that, when arrested, defendant denied having about his person more than $4 or $5, that he was searched and found to have something like $60, and thereupon he explained that he had this money from an uncle for the purpose of giving it to another relative. In this there was no error. It was later shown by the uncle that he did not give the defendant any money, and, further, by Steele, that a part of the proceeds of the sale of the cotton was given over to defendant. Defendant denied that he made the statement that his uncle had given him the

money and testified that he had won the $60 from Steele in a game of cards. This merely presented a conflicting issue for the jury to determine.

Let the judgment be affirmed.

Affirmed.