(114 So. 477)

## WILLIAMS v. STATE. (4 Div. 303.)

Court of Appeals of Alabama. Nov. 22, 1927.

McDowell & McDowell, of Eufaula, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. The defendant was not seen manufacturing whisky, but was seen coming from the still where whisky was at the time being manufactured, and at the time seen defendant was carrying a ten-gallon keg of whisky. The identification of defendant was by only one witness, and this identification was not positive, but as to his best judgment. The testimony by this witness in identifying defendant showed that witness did

not have much opportunity to observe defendant, and only saw him a moment there in the woods with the keg of whisky, and, upon defendant's seeing witness, defendant immediately ran and made his escape. The evidence being as above, the defendant testified that at the time of the alleged crime he was not in Barbour county, but had gone to, and was in, Chicago. To impeach this testimony, the state, over proper objection and exception, was permitted to prove by state's witness, Gillespie, that on the day the still was being operated he went to the house where defendant had been living with his son, and, upon asking the whereabouts of defendant, was told by Ob Williams' wife that defendant had been there a few minutes before, but had gone up the road. This, of course, if error, was injurious to defendant's case. With the question of identity hanging in the balances, slight evidence might have turned the scales against him. The evidence was hearsay, and should have been excluded. 10 R. C. L. 958, par. 132; Humphries v. State, 2 Ala. App. 1, 56 So. 72; Rivers v. State, 97 Ala. 72, 12 So. 434; Kirklin v. State, 168 Ala. 83, 53 So. 253. See generally Michie's Digest, 191, par. 263(1).

The judgment is reversed, and the cause is remanded.

Reversed and remanded.