(125 So. 901)

BELL v. STATE. (4 Div. 564.)

Court of Appeals of Alabama. Dec. 17, 1929.

Rehearing Denied Jan. 7, 1930.

Guy W. Winn, of Clayton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The indictment was in two counts, the first charging burglary and the second grand larceny. The verdict found the defendant guilty under the second count. This was an acquittal of the charge in the first count. 1 Mayfield Digest, 866 (6).

The verdict of the jury eliminated the first count of the indictment, and left the second count, which was a charge of grand larceny, and therefore the recital in the judgment that "the defendant is guilty as charged in the indictment" could only relate to the second count.

The recent unexplained possession of stolen property imposes on the defendant the onus of explaining the possession consistent with his innocence, and if he fail to make a reasonable explanation, it raises an inference of guilt which must be considered by the jury and will support a verdict of conviction. 1 Mayfield, 582 (293); Martin v. State, 104 Ala. 71, 16 So. 83; Shepperd v. State, 94 Ala. 102, 10 So. 663.

From the facts as presented in this record, we cannot say that the trial court erred in overruling the motion for a new trial.

Refused charge 2 is bad for several reasons, one of which is it limits guilt to an actual carrying away, whereas the defendant may have been an accomplice.

We find no prejudicial error in the record. Let the judgment be affirmed.

Affirmed.