163 So. 15

## BRASEALE v. STATE.

### 8 Div. 874.

Court of Appeals of Alabama.
June 25, 1935.

Rehearing Denied Aug. 27, 1935.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The indictment charged murder, but the verdict of the jury was for manslaughter, thereby eliminating the necessity of passing upon any question relating solely to the higher degree of murder of which charge defendant was acquitted by the jury.

The defendant objected to going to trial in the absence of Jess Honea for whom a summons had been issued but had not been served. The court refused to issue an attachment for this witness, but did issue an alias summons, returnable instanter, and then ordered the trial to proceed allowing the defendant to introduce proof of the testimony of the witness Honea taken on preliminary trial of this case. This was all in the discretion of the court and certainly there was no abuse of this discretion.

During the examination of state's witness Elbert Dyar, a brother of the dead man, the witness testified that after the difficulty deceased was brought to his house and laid on the floor and at that time he

Wm. C. Rayburn, of Guntersville, for appellant.

said: "He was killed or going to die." Deceased further said to lay him down on the bed and have a doctor or something done for him. After this proof had been made to the court, he permitted the witness to testify: "He said that Brasseale had knocked him in the head, he said he got his money and he was not doing anything to him, only just trying to get him to give him his money and he walked up and took Brasseale's switch key out of the car and told him, he wouldn't get those keys unless he give him his money and Brasseale knocked him in the head with an iron pipe."

Dying declarations are admissible in evidence when the death of deceased is the subject of the charge and when the declarations are material circumstances relating to the cause of his death, and when he knows or thinks he is in a dying state. Nolan v. State, 207 Ala. 663, 93 So. 529; Gurley v. State, 216 Ala. 342, 113 So. 391. There was no error in admitting the testimony of the dying declaration on the predicate laid.

■■ The difficulty resulting in this homicide seems to have been the result of too much moonshine whisky. The parties were friends and drinking together. A quarrel arose about a dollar. One word brought on another until the fight began, when defendant reached in his automobile, grasped an iron pipe, and struck deceased over the head with it, from the effects of which blow deceased died. There was some evidence tending to prove that deceased drew a pistol and that the defendant struck in self-defense. The whole question was one of fact for the jury and was properly submitted under a full charge from the court. Of course, the presumption of innocence attends the defendant during the trial until the state by its evidence has overcome that presumption beyond a reasonable doubt. That is a question for the jury, and when in their minds that point is reached the presumption ends.

■ The single written charge refused to defendant, after the court had given sixty-three requested written charges, was faulty in that it required the jury to acquit upon a consideration of a part of the evidence.

There is no reversible error in the record and the judgment is affirmed.

Affirmed.