24 So.2d 568

## JUDGE v. STATE.

### 3 Div. 872.

Court of Appeals of Alabama.

Jan. 22, 1946.

James A. Dickinson, of Prattville, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

On an indictment charging grand larceny and receiving stolen property, appellant was convicted of petit larceny.

The evidence in the case is without dispute that some scrap wire was unlawfully taken from the "Bird Farm" operated by the Department of Conservation of the State of Alabama. A portion of this property was found under a house occupied by the defendant. It was identified by white paint on its edges.

It appears, also, from the evidence that two convict trusties were working at the farm at the time. One of them testified that he got some of the wire and carried "a right smart" of it to appellant's home, at which place he was a frequent visitor. According to his testimony he had an understanding with the defendant to the effect that she was to sell the wire for him. Out of the proceeds of the sale he sometimes "gave her a little." Several witnesses for the State gave evidence that they each bought some wire from the appellant. In fact, as a witness in her own behalf, the defendant stated that she sold some of the wire. However, the investigating officers testified that she denied the truth of this claim when they first interrogated her about the disposition of the stolen property.

Appellant's explanation of her possession of the wire found at her house and the quantity she had sold was that she bought it from the convict trusty, who did not testify at the trial and who apparently was not

available as a witness. She disclaimed any knowledge that it was stolen, but, on the contrary, said the trusty told her that "his boss-man" gave him the wire and with the privilege to sell it.

When the State had introduced its initial testimony and had rested, appellant's counsel made a motion to exclude the evidence on the grounds that sufficiently corroborating evidence of the accomplice had not been presented and the State had failed to prove that the appellant had knowledge that the property in question was in fact stolen. The motion followed a recognized procedure in criminal cases. Terry v. State, 29 Ala.App. 340, 197 So. 44; Robinson v. State, 222 Ala. 541, 133 So. 578.

The first ground of the instant motion was rendered abortive by the verdict of the jury. The statute has no application to misdemeanors. Title 15, Sec. 307, Code 1940; Head v. State, 27 Ala.App. 152, 167 So. 349; Napier v. State, 26 Ala.App. 597, 164 So. 307; Brascale v. State, 26 Ala.App. 519, 163 So. 15.

Clearly, the motion to exclude the evidence on the second indicated ground was properly denied. It follows, also, that the general affirmative charge in appellant's behalf was refused without error. Wilson v. State, 30 Ala.App. 126, 3 So.2d 136: Lucas v. State, 96 Ala. 51, 11 So. 216; Bell v. State, 23 Ala.App. 355, 125 So. 901; Thomas v. State, 15 Ala.App. 163, 72 So. 688.

There was no additional evidence introduced in support of appellant's motion for a new trial. Applying the well recognized rule, we cannot hold that there was error in denying the motion. Wilson v. State, 30 Ala.App. 126, 3 So.2d 136.

Among the vices of Charge Number 2 refused to appellant, it places too great a burden on the State to establish the guilt of the defendant. Title 14, Sec. 338, Code 1940.

Appellant having been convicted of petit larceny, refused Charge Number 3 contains inapt instructions. Napier v. State, supra; Braseale v. State, supra.

Appellant's counsel in brief questions the authority of the trial judge to impose an additional hard labor sentence after the jury had fixed the punishment at a fine. The position taken is that the hard labor sentence, if imposed, must be by the jury. The court below did not exceed his authority in this respect. Busbee v. State, 25 Ala.App. 328, 146 So. 286; Martin v. State, 125 Ala. 64, 28 So. 92.

A careful consideration of all the questions presented for review has brought us to the conclusion that there is no error in the record. The judgment of the primary court is therefore ordered affirmed.

Affirmed.