45 So.2d 802

### MORGAN v. STATE.
#### 4 Div. 131.

Court of Appeals of Alabama.
April 18, 1950.

Lightfoot & Bricken, of Luverne, for appellant.

A. A. Carmichael, Atty. Gen., and Neil Metcalf, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was convicted of manslaughter in the first degree and sentenced to the penitentiary for two years.

Without dispute in the evidence the accused killed George Williams by shooting him with a shotgun.

At the time of the homicide the deceased was 63 years of age and the appellant was 72.

It appears that the two parties had been near neighbors for about eighteen years. Apparently the defendant became infuriated because Mr. Williams employed a Negro tenant of the former party to help gather some corn. The appellant, armed with a shotgun, went to the field where the Negro and the deceased were gathering the grain and there, according to the State's evidence, without legal excuse or justification, mortally wounded Mr. Williams. Death ensued three days later. The appellant admitted the killing, but claimed self defense.

Mrs. Williams, wife of the deceased, ran to the place of the shooting when she heard the gun fire and the outcries of her husband. She was allowed to state, over objections, that when she reached the wounded man she put her hand under his head, "lifted his head up and went to hollering."

This was not a part of the res gestae. However, under the undisputed facts the substantial rights of the accused could not have been injuriously affected by this disclosure. The attentiveness and outcries were to be expected from a distressed wife who, when she reached her husband, found him lying on the ground mortally wounded. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix.

On cross examination of the tenant, Charles Burnett, this is disclosed by the record:

"Q. Didn't you come up here yesterday and answer to the name of Ed Roberson? A. Yes, sir, I sho—

"Q. Ha? A. Yes, I sure did.

"Q. You answered to the name of Ed Roberson and qualified on this jury, didn't you?

"Mr. Kettler: Now, we object to that, your Honor.

"A. I just made a mistake.

"The Court: Yes, sir.

"Q. You just made a mistake?

"Mr. Kettler: We object to it, and we move that it be excluded from the jury.

"The Court: Yes, sir. That is excluded.

"Mr. Lightfoot: We except.

"Q. Do you go by the name of Ed Roberson?

"Mr. Kettler: Now, we object.

"The Court: I sustain the objection.

"Mr. Lightfoot: We except."

Frankly we do not quite understand the import and meaning of the incident here appearing. It is urged in brief of counsel for the appellant that the Negro witness was attempting to withhold his true identity so he would be available as a juror to try the case and in this manner his bias against the appellant was manifested.

Of course, if the witness had been called as a juror, the fact that he was a witness would, of itself, have disqualified him from

272

service on the case at bar. The record shows that this was a Negro laborer sixty years of age. Our consideration of this incident leads us to believe that this Negro "just made a mistake." His lack of familiarity with court procedure may have occasioned his confusion.

It is true that Charlie was a very material witness for the State. With the exception of the actual participants in the affray, he was the only party present.

If his testimony and the dying declaration of the deceased had been accepted in every aspect, the jury would have been authorized to find the defendant guilty of murder in the first degree.

What we have copied hereinabove is all that the record discloses with reference to this occurrence.

■ Error is not presumed on review. The burden is on the appellant to establish it. It must be shown that the error complained of has probably injuriously affected the substantial rights of the accused. Garrett v. State, 248 Ala. 612, 29 So.2d 8; Slayton v. State, 234 Ala. 9, 173 So. 645; Brown v. State, 33 Ala.App. 152, 31 So.2d 652; Webb v. State, 33 Ala.App. 520, 35 So.2d 373.

■ By giving purposeful application to this doctrine, we are not persuaded that we should base error on the matter of instant concern. The verdict certainly does not indicate that the mind of the jury was in any manner inflamed or influenced by this rather unusual and puzzling occurrence.

Complaint is made that the court did not permit counsel on cross examination to interrogate Burnett in some detail about his rental agreement with the appellant.

■ The right to liberal cross examination is not to be extended to inquire into matters which are entirely foreign to the issues involved. Miller v. State, 34 Ala. App. 483, 41 So.2d 432.

■ If by this line of questioning counsel expected to show any ill will or friction between the tenant and his landlord, and thereby establish bias, this intention should have been disclosed to the court. The verbiage of the questions does not indicate that this was the purpose of the inquiry. Berry v. Dannelly, 226 Ala. 151, 145 So. 663; Stallings v. State, 249 Ala. 580, 32 So.2d 236.

That Burnett was the tenant of the appellant was shown by the evidence without dispute.

■ Whatever conversation Burnett may have had with the defendant before the former left to go to work for Mr. Williams on the day of the homicide was inadmissible and proof thereof was properly disallowed. The pertinency of this evidence is not made to appear by the record.

■ It is insisted that a proper predicate was not based for the introduction of the dying declaration.

As we have stated, the deceased was mortally wounded and died three days later. The gun shot entered the midsection of his body. The weapon was fired from close range.

With reference to the predicate the record discloses:

"Q. Did Mr. Williams say anything with reference to whether or not he was going to die?

"A. Yes, he said he thought—he didn't think he'd live.

"Q. He didn't think he was going to live—said he was going to die?

"A. That's right. He made that statement two or three times."

There is no merit in the position that this established predicate did not meet the demands of the applicable rule. McQueen v. State, 94 Ala. 50, 10 So. 433; Carmichael v. State, 197 Ala. 185, 72 So. 405; Logan v. State, 149 Ala. 11, 43 So. 10; McEwen v. State, 152 Ala. 38, 44 So. 619; Kirklin v. State, 168 Ala. 83, 53 So. 253; Brooks v. State, 32 Ala.App. 389, 27 So.2d 48; Shikles v. State, 31 Ala.App. 423, 18 So.2d 412; Braseale v. State, 26 Ala. App. 519, 163 So. 15; Ward v. State, 78 Ala. 441; Sowell v. State, 30 Ala.App. 18, 199 So. 900; Sanders v. State, 2 Ala.App. 13, 56 So. 69; Oldham v. State, 26 Ala.App. 339, 161 So. 546.

Written charges numbered 1 and 2 were refused to the appellant. Neither of these instructions is based on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Jones v. State, 209 Ala. 655, 96 So. 867; Garrett v. State, Ala.App., 44 So.2d 260; [1] Maxwell v. State, 34 Ala.App. 653, 43 So. 2d 323.

We have responded to each question which merits any discussion.

The judgment below is due to be affirmed. It is so ordered.

Affirmed.