Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

58 So.2d 485

### LEE v. STATE.

### 2 Div. 843.

Court of Appeals of Alabama.
April 15, 1952.

CARR, Presiding Judge.

The accused stood for trial on two separate indictments. One charged the larceny of a cow and the other the larceny of a

462

calf. Both animals were the property of Jim Coleman.

By agreement the cases were tried together and the trial resulted in a conviction in each case. The appeal here is presented on a consolidated record.

The proof established the theft of the cow and calf. Without dispute in the evidence the appellant delivered them into the custody of State's witness Ellen Jane Little. He attempted to explain his possession by claiming that the animals belonged to his brother and he carried them to the farm of Ellen Jane for safekeeping while the river was overflowing its banks.

It is evidentially apparent that the State anchored its prosecution primarily on the legal truism that, where the corpus delicti had been established, proof of defendant's unsatisfactorily explained recent possession of the stolen property was sufficient to warrant a conviction. Hubbard v. State, 35 Ala.App. 211, 45 So.2d 795; Heath v. State, 30 Ala.App. 416, 7 So.2d 579; Morrow v. State, 19 Ala.App. 212, 97 So. 106; Bell v. State, 23 Ala.App. 355, 125 So. 901.

During the progress of the trial there were very few objections interposed to the introduction of the testimony. There are no meritorious questions raised in this manner.

When the State had concluded its testimony in chief and rested its case, the appellant's attorney moved to exclude the evidence. This is a proper procedure in criminal cases. Terry v. State, 29 Ala.App. 340, 197 So. 44.

Unquestionably there is no merit in this position. At the time the motion was made, the corpus delicti had been established and proof had been made that the recently stolen property was found in the possession of the accused. Layfield v. State, 27 Ala.App. 437, 173 So. 654.

We would be entirely out of harmony with the authorities to hold that the lower court was in error in denying the motion for a new trial.

The judgments at nisi prius are ordered affirmed.

Affirmed.