65 So.2d 822

**JENKINS v. STATE.**

6 Div. 619.

Court of Appeals of Alabama.

May 19, 1953.

Wm. Conway, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The indictment in this case contains three counts. The accused was convicted under the third count which charged the offense of receiving, concealing, or aiding in the concealing of one tire and wheel assembly and one box of tools, the personal property of Claude King.

Mr. King testified that the above described property was stolen from the trunk of his parked automobile.

The investigating officer was interrogated with reference to a statement he claimed the appellant made soon after the offense was committed. In this aspect the record shows the following:

"A. He made a statement, Glen did, that he left a tire, or some tires—but this particular tire was stolen from Mr. King's car—with a man by the name of Pewee, that lives in East Lake. We contacted this man and he had the tire at the Dixie Motors.

"Q. Glen Powell Jenkins told you where he left the tire? A. Yes, sir."

Objections were interposed to the introduction of the statement on the ground that the corpus delicti had not been proven. The court properly overruled the objections. Mr. King had previously given in evidence a full account of the facts incident to the theft. This constituted the corpus delicti. It was not essential to establish the identity of the accused as the thief before the introduction of the confession which was shown to have been voluntarily made. Vernon v. State, 239 Ala. 593, 196 So. 96; Hubbard v. State, 35 Ala.App. 211, 45 So.2d 795.

The solicitor then asked the witness if he recovered the tire and if Mr. King identified the property as being his stolen tire. The officer answered both of these questions in the affirmative. Counsel for appellant interposed objections, but these came after the replies had been made. Tucker v. State, 36 Ala.App. 311, 55 So.2d 365; Bryant v. State, 36 Ala.App. 83, 52 So.2d 403.

When the State rested in the process of the introduction of the testimony, appellant's counsel made a motion to exclude the evidence. Clearly, the court properly overruled the motion.

As a witness in his own behalf, the defendant disclaimed any complicity in the commission of the offense. He denied that he made the statement to the officer which we have quoted herein above.

The general affirmative charge was not due the appellant.

We would be entirely out of line with the authorities to disturb the judgment of the court in his action in denying the motion for a new trial.

All of the written charges refused to the defendant are affirmative except charge number 2.

This instruction is involved and pretermits any declaration on the doctrine of aiding and abetting.

█ It is faulty, too, because it is not hypothesized on belief from the evidence. Wesson v. State, 251 Ala. 33, 36 So.2d 361.

The judgment below is ordered affirmed.

Affirmed.